No. 48.—Joseph S. Worthy *et al.* plaintiffs in error, *vs.* Sankey T. Johnson *et al.* defendants.

[1.] Where executors, administrators and other trustees for infants, fail to sue for *personal* property, within the time prescribed by law, the Statute of Limitations binds the minors; nor are their interests, under such circumstances, saved by the Act of 1817.

Worthy *et al. vs.* Johnson *et al.*

[2.] An unauthorized sale of negroes by the representatives of an estate, is treated as their individual act, and does not divest the title to the property.

In Equity, in Troup Superior Court. Decision on demurrer, by Judge HILL, May Term, 1851.

The bill alleges, that complainants are the legatees of Thomas Worthy, who died testate, in the year 1837, appointing Benjamin P. Robinson and Jane Worthy, his executor and executrix, who were qualified as such, on the 3d day of July, 1837; that without having complied with the provisions of the Statute authorizing them to sell, the said executors proceeded on the 1st Tuesday in January, 1839, to sell the negroes belonging to the estate, when a portion of the negroes were purchased by the executors themselves, and the others by the other defendants to the bill.

The bill alleges, that the negroes purchased by Jane Worthy, executrix, were sold as her property by the Sheriff, on the 1st Tuesday in June, 1843, under an execution against her, when Benjamin Gates and Richard Brady became the purchasers; that the negroes purchased by Benjamin P. Robinson, executor, were sold as his property, by the Sheriff, on the 1st Tuesday in February, 1844, under an execution against him, when Wyley J. Sterling and William Reid became the purchasers.

The bill alleges, that on the 4th day of March, 1843, the said executor and executrix were dismissed by the Court of Ordinary of Troup County, and at the same term of the Court, Lucius B. Lovelace was appointed administrator, *de bonis non*, on the estate of Thomas Worthy; who refused to be made a party complainant to the bill. The bill alleges, that Joseph S. Worthy, one of the complainants, has just attained the age of 21 years, and the other complainants are under that age, and sue by Joseph S. as their next friend.

The bill prays that the executor's sale may be declared void, and that the purchasers of the negroes may be compelled to deliver them up to the administrator *de bonis non*, for the benefit of complainants.

Worthy *et al. vs.* Johnson *et al.*

To this bill the defendants filed a demurrer, insisting upon the Statute of Limitations.

The Court sustained the demurrer and dismissed the bill, and counsel for complainants excepted.

JNO. L. STEPHENS, for plaintiff in error.

1st. A party can take no advantage of his own wrong.

2d. When a decree is sought in Equity, all the parties interested in the subject matter of the decree, must be brought before the Court.

3d. When a party's acts are sought to be set aside in a Court of Equity, for fraud or other thing, he must be made a party to the bill.

4th. An administrator *de bonis non*, can take no advantage of an act done by a former administrator.

5th. A purchaser from a trustee with notice, is bound by the trust, to the same extent as the person from whom he purchased. See *Hill on Trustees,* 164. 2 *Kelly,* 290.

6th. The Statute of Limitations does not run against infants. *Prince's Dig.* 579. *Pendergrass vs. Foley,* 8 *Ga.* 3. *Allen vs. Sayer,* 2 *Vern.* 368. *Worthy vs. Johnson et al.* 8 *Ga.* 238.

B. H. HILL and O. A. BULL, submitted the following point and authorities.

1st. Where an executor, administrator or trustee for infants, neglects to sue within the time prescribed by law, the Statute of Limitations also binds the infants. *Pendergrast vs. Foley et al.* 8 *Geo. Rep.* 1. *Worthy vs. Johnson et al. Ibid,* 236, 244.

2d. The purchase money, with interest, must be tendered when the *cestui que trust* seek to avoid the sale. 2 *Sugden on Vendors,* 139, 140.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] In *Pendergrast and others vs. Foley and another,* (8 *Geo.*

*R.* 1,) this Court held, that where the title to personal property vests in an executor, administrator or other trustee for an infant, who neglects to sue within the time prescribed by law, that the Statute of Limitations shall bind the infant, and that the interest of the minor, under such circumstances, will not be protected by the Act of 1817.

Apply this principle to the case before the Court.

[2] The sale by the executor and executrix in January, 1839, being a nullity, and so declared by this Court, (8 *Geo. Rep.* 236,) the title of the estate in the property was not divested; on the contrary, it was the right and duty of the executor and executrix, to have instituted suit forthwith against the purchasers to recover the negroes. Nor would they be estopped in their *trust character*, from maintaining the action, the law looking upon the void sale as their *individual act. Paschal, administrator, vs. Davis,* 3 *Geo. Rep.* 256.

The Statute, therefore, run against them immediately, as to so much of the property as was bought by third persons at this sale; and more than four years having elapsed from the date of the sale in January, 1839, to March, 1843, when the executor and executrix were removed from office, the bar was complete at that time, as *to them,* and consequently, to the present complainants also, who are the legatees of Thomas Worthy, the testator.

But suppose it were otherwise, and for this breach of trust by the executor and executrix, they had no right to maintain an action against the purchasers at their own sale, to repair the *devastavit,* and thus avoid the responsibility by recovering the slaves against a sale that must be treated as their own, because made without authority of law : In that event, it is clear that the Statute would commence running, as to this portion of the property, against Lewis Lovelace, the administrator *de bonis non,* from his appointment in March, 1843, and the bar would be complete as *to him,* before suit was instituted.

Whether a trustee who has converted the property of the *cestui que trust* can avoid his own wrongful acts or not, we should be reluctant to hold; we should be reluctant to hold, that the

only remedy in favor of creditors and distributees or legatees, was against the defaulting trustee for waste or mismanagement. But one thing is very certain : if the vendee is protected against the administrator *de bonis non,* he is equally so against those who are beneficially entitled to the property of the testator.

In June, 1843, the negroes purchased by Mrs. Worthy were sold under an individual execution against her ; and in February, 1844, those bought by Robinson, were sold under an individual execution against him. Lovelace qualified as administrator *de bonis non,* in March, 1843, but no action was commenced until September, 1848, and then by the legatees, and not by the administrator. At that time, the bar was equally full as to all that portion of the negroes bid in by the executor and executrix at their own sale, and subsequently re-sold to pay their private debts. Whether Lovelace has made himself personally liable for failing to sue in time, is a question we will not anticipate.

Judgment affirmed.