WILLIAM F. MATTOX, plaintiff in error, *vs.* JOHN EBER-HART, administrator, etc., defendant in error.

Where the testator directed that all his property be kept together during the widowhood of his wife, to be used for the support and maintenance of his wife and the education of their minor children, and that his executors give off to each of his minor sons, as they might come of age, and to his daughters, as they might come of age or marry, about thirty-one or two hundred dollars in money or property, as may be most convenient to the estate, and most suitable to the party receiving property; and in order to enable his executors the more conveniently to carry out the foregoing objects, he thereby gave them power to sell any of the property and to *buy* or to *exchange* for other property, taking care to give a full statement and history of all such sales, purchases and exchanges, to the Court of Ordinary : *Held*, that it was the intention of the testator to give the executor power to sell at private sale, and that such sale by him, if fairly and honestly made, conveyed a good title to the purchaser.

Ejectment. Tried before Judge ANDREWS. Oglethorpe Superior Court. October Term, 1868.

This was ejectment by John Eberhart, administrator, *cum testamento annexo*, of Nathan Mattox, against William F. Mattox.

The plaintiff read in evidence the will of Nathan Mattox, dated 29th of January, 1857, showed that the testator died in 1862, showed title to the premises in testator at his death, and that defendant was in possession of them when this action was brought, proved the value of the rent, and closed.

The will contained nothing pertinent to this matter, except its fourth item, which was as follows: "After the foregoing, I will, desire, and direct that my executors, hereinafter named, keep all my property together, for and during the widowhood of my wife Lucy, to be used for the support and maintenance of my said wife and our children, and I direct that my executors give off to each of my sons, who are under age, as they may respectively arrive at the age of twenty-one years, and to my daughter as she may come of age or marry, about thirty-one or thirty-two hundred dollars, in money or property, as may be most convenient to the estate and most suitable to the party receiving the property; and in order to enable my executors the more conveniently to carry out all the foregoing objects of this item, I hereby give them power to sell any of my property and to buy or to exchange for other property, taking care to give a full statement and history of all such sales, purchases and exchanges in their return to the Court of Ordinary." Thomas J. Mattox and John Henry Mattox were nominated as the executors.

The defendant offered in evidence a deed dated November 19th, 1863, made by said nominated executors, conveying said premises to himself, which deed showed that the sale by them to the defendant was a private one. Plaintiff's attorney objected to this deed upon the ground that a private sale was not allowed by said will, under the law. The Court sustained the objection. Plaintiff had a verdict and judgment for the premises and the rent proven.

The rejection of said deed is assigned as erroneous.

R. TOOMBS, MATTHEWS & REID, for plaintiff in error, cited Bond *et al.*, vs. Zeigler, 1 *Kelly's* (*Ga.*) *R.*, and said section 2526 of Irvin's Code could not affect this case, that

that section was not retroactive. Pierce vs. Chapman, 31 *Ga.*
*R.,* 674; Bass vs. Ware, 34 *Ga. R.,* 386 (1).

A. T. AKERMAN, for defendant in error, said unauthorized
sale by administrator does not pass title. Clements vs. Hen-
derson, 4 *Ga, R.,* 148; Worthy vs. Johnson, 8 *Ga. R.,* 236;
S. C., 10 *Ga. R.,* 358. This sale was unauthorized. Code,
secs. 2312, 2514, 2518, 2519, 2520, 2526; 2 Peter's R., 492.

BROWN, C. J.

Under the law of this State, as it existed prior to the
adoption of the Code, an executor had the right to sell the
property of the testator at private sale, when the will author-
ized a sale, without prescribing how it should be made. And
in such case, if the sale was fairly and honestly made, the
title passed to the purchaser. 1 *Ga. Rep.,* 324.

Section 2526 of the Revised Code changes this rule. Un-
der this section the executor can not sell at private sale,
unless the will authorizes a sale in that manner. If the will
directs a sale without specifying in what manner it shall be
conducted, the direction of the will stands in the place of
the order of the Court of Ordinary, authorizing such sale,
and the subsequent proceedings must be the same as the law
requires in case the property is sold under the order of said
Court.

The question in this case is one of intention. Did the
testator intend to clothe the executors with power to sell at
private sale? We think he did. In providing for the dis-
tribution among his children when the sons came of age, or
the daughters came of age or married, he directed that each
have $3,100 00 or $3,200 00 in money or property, as may
be most convenient to the estate and most suitable to the
party receiving it; and to enable his executors to carry out
the foregoing objects, he gave them power to sell any of the
property, or to *buy* or *exchange* for other property, taking
care to give a full statement and history of all such sales,
purchases or exchanges, to the Court of Ordinary.

Now it seems very evident that the testator intended that the executor should select such property for each legatee as would be convenient and desirable, as far as it could be done, consistently with the interests of the estate.  If he found a tract of land, for instance, that suited, and was desired by one of the legatees, he might sell property of the estate to raise money to purchase it, or he might exchange a tract of land or other property of the estate for it.  From the very nature of the transaction, it is evident that the testator did not expect, or intend, that such an exchange, which is in fact a sale of one thing for another, should be made at the Court-house door, after the advertisement, and in compliance with the forms prescribed by law, in case of public sales.

This view of the case is strengthened by the requirement of the testator, that the executor should give a full statement and history of all such sales, purchases and exchanges, to the Court of Ordinary.  It is true the law requires the executor to make a return of his public sales to the Court of Ordinary. But the language of the testator, which requires the executor to give a full statement and *history* of the sales, purchases, or *exchanges* made by him, seems to contemplate more than the common return made to the Court of Ordinary.  He had clothed his executors, in whom he had full confidence, with large and plenary powers to act in advancing and settling his children when they came of age, as he would have acted had he been in life.  And as he had given them these ample powers to represent him after his death, he required them to keep up, not only a statement, such as is commonly made upon the Ordinary's books, but he also required them to place upon the record a history of their actings and doings in the premises.

Let the judgment be reversed.