WILKINS W. JACKSON *et al.*, executors, *et al.*, plaintiffs in error, *vs.* JAMES M. WILLIAMS *et al.*, defendants in error.

[TRIPPE, Judge, having been of counsel, did not preside in this case.]

The testator, by his will, authorized his executors to sell his property upon such terms as to notice or credit, as they might, in their sound discretion, deem best:

*Held*, That the executors had the power to sell the property without an order from the Ordinary, either for cash or credit, and upon such no-

tice as they, in their sound discretion, might deem best; but in all other respects they were bound to comply with the law regulating such sales.

Administrators and executors. Wills. Before Judge HALL. Monroe Superior Court.    August Term, 1873.

For the facts of this case, see the decision.

A. D. HAMMOND; LANIER & ANDERSON; POE & HALL, by R. H. CLARK, for plaintiffs in error.

PEEPLES & STEWART; A. M. SPEER, for defendants.

WARNER, Chief Justice.

The only question made in this case, before this Court, was as to the power and authority of the executors of Edmund Jackson to make sale of his lands and other property in a different manner than prescribed by law.    The bill alleges that the land and other property of the testator was sold by the executors, on the plantation of the deceased, remote from the Court-house, and was illegal as against the rights and interests of the complainants, who were infants at the time, with a prayer to have said sale set aside.    A motion was made to dismiss the bill for want of equity, which was overruled, and the defendants excepted.

The seventh item of the testator's will contains the following words: "I desire all my lands to be sold, together with the household and kitchen furniture not disposed of in this will, and such other property as I may die seized and possessed of, upon such terms, as to notice or credit, as my executors may, in their sound discretion, deem best."    When the will does not otherwise direct, the general law applicable to executors' and administrators' sales must be complied with.    If, however, a will authorizes a private sale by the executor, an administrator, with the will annexed, may execute the power and sell the property without an order from the Ordinary. If the will merely designates the property to be sold, without

specifying the mode of sale, no application for leave to sell is necessary ; but in other respects the executor or administrator with the will annexed, must comply with the requisitions before specified : New Code, 2567.   The testator in this case, by his will, directed his land and other property to be sold, not at private sale but upon such terms, as to notice or credit, as his executors, in their sound discretion, might deem best. The executors had the power to sell the land and other property under the will without an order from the Ordinary, either for cash or credit, and upon such notice as they, in their sound discretion, might deem best, but in all other respects they were bound to comply with the law regulating the sale of their testator's property.   When the intention of the testator is doubtful as to the mode of sale, the safe rule is to adhere to the law.   To take the case out of the general rule of the law as to executors' sales, the intention of the testator should be plainly and distinctly expressed in the words of the power given to the executors by the will.   There can be no pretence in this case that the executors were authorized to sell the testor's property under his will at *private* sale.   All that can be claimed under the power contained in the will is, that in making a public sale of the property as required by law, they had a discretion as to the notice to be given thereof, and as to whether the property should be sold for cash or on credit, and what credit, if any.   We express no opinion in regard to the statute of limitations, but leave that as an open question to be heard and decided on the final trial of the case, as well as the other questions made in the record.   There was no error in overruling the defendants' motion to dismiss the complainants' bill.

Let the judgment of the Court below be affirmed.