# Hooper, Adm'r *v.* Scarborough.

*Statutory Real Action in Nature of Ejectment.*

1. *Administrators; death or removal of one of two joint administrators.* Under our statutes, if one of two joint executors or administrators dies, resigns, or is removed, no other must be appointed, but the survivor must complete the administration; and the fact that one of the administrators has died, and the other is absent from the State in the military service, does not, *ipso facto*, create a vacancy in the administration, or work a removal of the surviving administrator.

2. *Same; probable cause of removal; when no vacancy; when appointment of, de bonis non, a nullity.*—The absence of the surviving administrator may or may not be a cause for his removal, and the revocation of his letters; until this is done, however, the administration is not vacant, and the appointment of an administrator; *de bonis non*, is a nullity.

3. *Administrator, de bonis non; acts null if appointment void; not upheld as acts of de facto officers.*—Acts of an administrator *de bonis non*, holding under a void appointment, are mere nullities, as well when called in question collaterally as when assailed by direct attack; and he cannot bind the estate by dealings as administrator with third persons, nor can his acts be upheld upon the principles sustaining *de facto* officers.

4. *De facto officers; theory for sustaining acts of, when does not apply.*—The theory on which the principle applicable to *de facto* officers proceeds, is that they are trespassers and intruders, but having the appearance of being rightful officers, their acts are, as to the State and the citizens, who are compelled to rely on their performance of duty, recognized as valid. The principle can have no application to the ownership of property, for the law will not permit the rights of the true owner to be affected by the acts of a wrong-doer; and the administration not being vacant, the legal title to the personalty, and the right to sell and subject the realty, remains in the lawful incumbent, unaffected by the void appointment of the administrator *de bonis non*, who is a trespasser. (Overruling *Scarborough v. Green*, 49 Ala. 137).

APPEAL from the Circuit Court of Russell.
Tried before the Hon. LITTLEBERRY STRANGE.
VOL. LVIII.

This was an action brought by appellant, C. M. Hooper, as administrator *de bonis non* of the estate of one Hartwell B. Green, deceased, against R. P. Scarborough, appellee, to recover certain lands which are conceded to have been the property of plaintiff's (appellant's) intestate.

The defendant (appellee) claims title through deeds made by one John A. Green, who claimed to be administrator *de bonis non* of said Hartwell B. Green, in consideration of payment to him of certain Confederate notes, a sale having been previously made to said John A. Green's vendees, by the administrator in chief, on a credit, under an order and decree of the Probate Court, which sale had been confirmed and deeds directed to be made upon the payment of the purchase-money.

The plaintiff introduced, as evidence, the decree of the Probate Court of Russell county, appointing him the administrator *de bonis non* of Hartwell B. Green, and all the proceedings relating thereto, and to the removal of John W. Purifoy.

Defendant then introduced the following decree, under which he claims that John A. Green became the administrator *de bonis non* of said Hartwell Green, deceased: "October, 1862. This day came John A. Green, and made application to be appointed administrator *de bonis non* of the estate of H. B. Green; and Wm. W. Harris, one of the administrators of said estate, having departed this life, and John W. Purifoy, the other administrator, being absent from the State, in the army of the Confederate States, and said applicant tendering his bond (which is received, approved, and ordered to be recorded), it is adjudged and decreed that said John A. Green be appointed administrator *de bonis non* of said estate of H. B. Green, deceased, and letters of administration issue to him accordingly."

The plaintiff objected to the introduction of said decree because it was irrelevant, and shows on its face that there was no vacancy in the office of administrator at the time of its rendition, and because the Probate Court had no jurisdiction to make the appointment. The objection was overruled, and plaintiff excepted.

The defendant then offered in evidence a deed executed by said John A. Green, as such (so-called) administrator, to one Thomas B. Myhand, of the lands in controversy; to which the plaintiff objected, on the ground that such deed was irrelevant and void, and because the maker had no authority to execute such a deed; and it was admitted to be true that

the purchase-money mentioned in said deed was paid in Confederate treasury notes, and nothing else of value was paid. The court overruled the objection, and plaintiff excepted.. Defendant then introduced in evidence a deed to said lands· from said Myhand to defendant; to which the plaintiff objected, on the ground that the revenue stamps required by act of Congress were not affixed thereto and canceled as required by law; which objection was overruled, and plaintiff excepted.    Defendant then offered to read in evidence a deed from said John A. Green, as such administrator, to Martha E. and Wm. Treadgill, and defendant admitted that the purchase-money mentioned in this deed was Confederate treasury notes, which was the only consideration paid for said lands. The plaintiff objected, on the ground that said deed was irrelevant, immaterial and void, because Green had no authority to make such deed; which objection was overruled, and plaintiff excepted.    Defendant then offered in evidence a deed from A. Scarborough and wife, to R. P. Scarborough (the defendant.)

This was, in substance, all the evidence introduced.    The court charged the jury that the deed of John R. Green, connected with the petition, order, sale, report, and confirmation of the Probate Court, divested the title to the lands out őf the heirs of Hartwell B. Green, deceased; to which charge plaintiff excepted.

The plaintiff, then, among other charges, asked the following : " If the jury believe the evidence, they must find for the plaintiff." Which the court refused, and plaintiff· excepted.

The several rulings of the court are now assigned as error.

G. D. & G. W. HOOPER, and WADDELL, for appellant. 1. When this case was first brought before this court, (*Green's Administrator v. Scarborough*, 49 Ala. 137,) referring to the decree, SAFFOLD, J., said that the appointment of John A. Green was not void, but that he became an administrator, *de facto,* "because," he says, " a vendee of the lands could not have resisted his suit for collection of the purchase-money." In this he is not sustained by the authorities he cites, nor by other opinions rendered by him at other times.—See *Godwin v. Hooper,* 45 Ala. 613; *Cogburn v. McQueen,* 46 Ala. 551; *Bibb and Falkner, Executors v. Avery,* 45 Ala. 691. But, as these conflicting opinions were made by the same justices, and are irreconcilable, we will not rely on these

[Hooper, Administrator v. Scarborough.]

" cross-lights," but call the attention of the court to *Griffin v. Frazier*, 8 Cranch, 9 (3 Curtis) MARSHALL, C. J.; see, also, *Kane v. Pane*, 14 Pet. 33 ; *Enricks v. Powell*, 2 Strobh. (S. C.) Eq. Rep. 196; *Griffin v. Wright*, 18 Ga. 173 ; *Matthews, Adm'r v. Douthitt*, 27 Ala. 273; *Rambo v. Wyatt's Administrator*, 32 Ala. 363 ; *Gray's Administrator v. Cruise,* 36 Ala. 559.

2. The land in this case was sold for money, and a real administrator of the estate was not authorized to make a title until the purchase-*money* was paid, nor would he be authorized to receive Confederate treasury notes in lieu of money.—See *West, Oliver & Co. v. Ball & Cromelin*, 12 Alabama, 340.

3. The jurisdiction of the Probate Court to decree a sale of land is purely statutory.—1 Brick. 939, § 351. So is the right of the administrator to make title, and his deed, unless made in accordance with the order of the court and the law, is void.

J. FALKNER, *contra.*—1. The authority of the Probate Courts in this State to appoint administrators, &c., is conferred by the Constitution, and is, therefore, general, and can not be collaterally impeached, but must be treated as valid when thus attacked.—See this case, 49 Ala. 137 ; *Ikelheimer v. Chapman's Administrator*, 32 Ala. 676 (680, 681); *Allen, Adm'r v. Priestman, alias Hardy v. Darden*, Dunford & East. (third term R.) 125, vol. 2, p. 60.

2. A payment made to, and accepted by an acting administrator, is a valid payment, and its being made in Confederate money does not alter the case, as it thereby becomes an executed transaction, by which all parties are concluded. *McGehee v. Lomax*, 49 Ala. 131 ; *Clark v. Bernstein*, 49 Ala. 596 ; *Griffin v. Ryland and Burns, Ex'rs*, 45 Ala. 688 ; *Suggs, Adm'r v. Winston, Adm'x*, 49 Ala. 586 ; *Block v. McNiel*, 46 Ala. 288 ; *Ingersoll v. Campbell*, 46 Ala. 288 ; *Bruce's Executrix v. Strickland's Administrator*, 47 Ala. 192 ; *Dugger v. Tayloe*, 46 Ala. 320.

3. The defendant in this case is an innocent purchaser for value without notice, and should be protected.—*Kinsey v. Howard et al.* 47 Ala. 236.

4. Each of the charges asked by the plaintiff were properly refused.

BRICKELL, C. J.—1-2. The death of Harris did not operate a vacancy in the administration which had been granted to him and Purifoy. The statute provides, that if

(34)

[Hooper, Administrator v. Scarborough.]

one of two joint executors, or administrators, dies, resigns, or is removed, no other must be appointed, but the remaining executor, or administrator, must complete the administration.—Rev. Code, § 2044. Nor did the absence of Purifoy from the State work a renunciation or revocation of his authority as administrator. It may, or may not, have been cause for his removal, but until he was removed, and his letters revoked, by force of the statute, he remained in the office, clothed with its authority, bound to the performance of its duties. The statute very clearly defines the only cases in which the court of probate has jurisdiction to grant administration *de bonis non*, in these words: "If the sole executor, or all of the executors, or administrators, die, resign, or are removed, the Probate Court having jurisdiction of the estate must grant letters of administration with the will annexed, or of the goods and chattels, rights, &c., unadministered, to the person entitled thereto, as in cases of intestacy."—Rev. Code, § 2043. This statutory provision simply conforms to the common-law principle, that a grant of administration, made by a proper tribunal, clothed the administrator, or executor, with the legal title to all the personal assets, and with exclusive authority to collect, receive, and possess them, which were within the jurisdiction of which the grant was operative; and therefore it was essential to the validity of a subsequent grant, that the first should have terminated.—*Matthews v. Douthitt*, 27 Ala. 273; *Rambo v. Wyatt*, 32 Ala. 263; *Nelson v. Boynton*, in manuscript; *Griffith v. Frazier*, 8 Cranch, 9.

3. The point suggested, that though the grant to him be invalid, when it is drawn in question collaterally, and third persons dealing with him have interests involved, he may be regarded as administrator *de facto*, was considered in *Griffith v. Frazier*, (*supra*,) and it was held, as the grant was a nullity, the acts of the administrator could stand on no higher ground than those of any other person assuming authority to which he was not entitled. There can be no question, that under our statutes, as at common law, a grant of administration vests in the administrator the whole personal estate. As to legatees, or distributees, in a court of equity he is deemed to hold in trust, and is charged as a trustee. But he has the whole legal title, and except so far as the statute restrains his power of disposition, is as much the legal proprietor, as the testator or intestate was during life.

4. There are officers *de jure*, and *de facto*, and on principles of public policy, for the protection of the State and the

citizen, the acts of the latter are recognized. It is a misuse of these terms to apply them to the ownership of property. There can not be a *de facto* owner, having power and authority to divest the title of him in whom the law has vested it. The theory on which the principle applicable to *de facto* officers proceeds is, that they are trespassers and intruders, but having the appearance of being rightful officers, their acts are, as to the State and the citizen, who are compelled to rely on their performance of duty, recognized as valid. The principle can have no application to the ownership of property, for the law will not permit the rights of the true owner to be affected by the acts of a wrong-doer. The contrary decision in *Green v. Scarborough* (49 Ala. 137), is erroneous, and must be overruled.

It is not probable the other questions raised by the bill of exceptions will arise on another trial, and we pass them over. The judgment must be reversed, the nonsuit set aside, and the cause remanded.