ANDERSON *v.* HOLLAND *et al.*

A will reciting that the testator owned land in partnership with another, and leaving it discretionary with the executrix to sell his half or buy the other half, or to divide, or to sell the lot altogether and divide the money, authorized a private sale by the executrix in connection with the owner of the other half.

April 8, 1889.

Wills. Executors. Sales. Before Judge MARSHALL J. CLARKE. Fulton superior court. March term, 1888.

Reported in the decision.

HOPKINS & GLENN, for plaintiff.

HULSEY & BATEMAN, for defendants.

BLECKLEY, Chief Justice.

By deed dated June 27th, 1865, Mrs. Caroline Lemon and Paul Lemon conveyed the premises in dispute, for the consideration of $600. This deed did not disclose that Mrs. Lemon was executrix of her deceased husband, William Lemon. She made another deed to the same parties on November 16th, 1865, for the consideration of $300, by which, as executrix, she conveyed one undivided half of the premises, reciting that she did this by virtue of the last will and testament of William Lemon, and that as executrix she had theretofore agreed to sell such undivided half. Taking the two instruments together, the proper construction of them is, that they were both made to pass the interest of the testator, William Lemon; the first deed, no doubt by inadvertence, failing to describe her as executrix. The question is whether these deeds legally passed said in-

terest; to answer which it is necessary to construe the 6th item of the will, which reads as follows :

"Item 6. I and my brother, Paul Lemon, own a half acre lot in partnership, on Marietta street in Atlanta, which is excepted in this will, leaving it to my executor and executrix at their discretion to sell my half and (or) buy his half to (or) divided (divide) said lot or sell it altogether and divide the money arising from the sale thereof equally between Paul Lemon and my representatives at the discretion of my executor and executrix.

The testator died in December, 1863. The sole objection to the execution of the power is that the sale was made privately and not publicly.

The code, §2567, declares, "If the will merely designates the property to be sold, without specifying the mode of sale, no application for leave to sell is necessary; but in other respects the executor or administrator with the will annexed must comply with the requisitions before specified." These requisitions relate to advertising the sale and making a public sale. It seems to us that the will does not fail to specify the mode of sale, but by necessary implication authorizes a private sale. It describes the land as owned in partnership, and gives authority to exercise discretion by selling the testator's half, or buying the other half, or by dividing the lot or selling it altogether. The selling was to be done, we think, in the same mode as the buying or the dividing; and certainly these were not contemplated to be done at public outcry or with any preliminary in the nature of advertisement. We think it quite as clear that a private sale was contemplated under this will, as under the will in *Mattox* v. *Eberhart*, 38 *Ga.* 581. That case, pursued to its consequences, controls this; and the court committed no error in construing the power, or in holding that the deeds of the executrix passed the title. *Judgment affirmed.*