HAMILTON *v.* THE RICHMOND & DANVILLE RAILROAD Co.

Where a watchman in a railroad yard uses a platform appropriated to the transfer of freights, for the purpose of running along it at night in the dark, he does so at his own risk, it not appearing that the platform was intended by the company for such a purpose, or that he had any reason to think it was so intended.

April 10, 1889.

Railroads. Negligence. Nonsuit. Before Judge VAN EPPS. City court of Atlanta. September term, 1888.

Reported in the decision.

HOPKINS & GLENN, for plaintiff.

HENRY JACKSON, for defendant.

BLECKLEY, Chief Justice.

The plaintiff was a night watchman in the yard of the railroad company. This yard included a platform (used for transferring freight), 150 or 200 yards in length, and about 8 feet wide. The duty of the watchman comprehended overlooking the platform as well as the rest of the yard. It also embraced, according to his evidence, attention to the switches and care, in seeing that nothing happened by reason of the switches being wrong, and that no obstruction occurred to trains in passing over or through the yard. At night, in the darkness, he ran along the platform with a view to pre-

vent a collision of trains, and in so doing was thrown down and injured by coming in contact with some trucks improperly left upon the platform. The question is, whether he had a cause of action. It does not appear that he was expected to run up and down this platform at night in the dark, or that it was any part of his duty to do so; and we think there was no obligation on the company to keep the platform clear for that purpose. If the platform had been set apart or appropriated to that use, it would have been the duty of the company to keep it in proper condition for such use. But there is no trace in the evidence that the platform was intended for any such purpose. The company was not bound to anticipate that the watchman would use it to run upon in the emergency which arose. And while it was, doubtless, a very meritorious service on his part to attempt to prevent a collision, we think that unless the company had appropriated the platform as the passway for this purpose, it was his duty, rather than the company's duty, to see that it was clear of obstruction at the time he attempted to pass over it. It lay within the area of his walk as watchman; and its condition at the time was much more subject to his observation than to that of the company. Certainly he, being present, could see in the dark better than the corporation which trusted to his eyes. The court granted a nonsuit, and we think there was no error in so doing.                    *Judgment affirmed.*