SARAH B. MATHEWS ET AL., PLAINTIFFS IN ERROR, vs. JOSEPH H. DURKEE ET AL., DEFENDANTS IN ERROR.

1. It is doubtful if an order of a probate judge, under the law as it stood in 1867, revoking letters of administration upon the ground that the administrator had not "complied with the law which required him to file a full and correct account of the receipts and expenditures of the estate under his control," or "made an affidavit that he has rendered a true and correct account of his administration," from which the court held that "mismanagement was apparent," is authorized by a strict construction of the language of the statute; but the same can not be attacked collaterally, and must stand unless reversed or set aside under proper proceedings for that purpose.

2. If an order of the kind described in the preceding head-note could under any circumstances be attacked collaterally, it can not be so attacked by the persons who were petitioners in the proceedings in which the order was made, when said order was made in their favor, upon their request for their benefit, and they have acquiesced in the same for more than twenty years.

3. Where there is an administration upon an estate, during an adverse holding of the lands of the intestate, for such a period as under the statute of limitations bar the right of the administrator in an action of ejectment, the heirs of the intestate are likewise barred.

Writ of Error to the Circuit Court for Duval county.

The facts of the case are stated in the opinion of the court.

*A. W. Cockrell & Son,* for Plaintiffs in Error.

*Bisbee & Rinehart,* for Defendants in Error.

LIDDON, C. J.:

This was an action of ejectment, begun in 1890, to which defendants plead not guilty. Two of the plaintiffs, Mrs. Mathews and Mrs. McNelty, are married women; the other plaintiffs are their respective husbands. From the testimony at the trial it is shown that the land sued for, at the time of his death, was the property of one Samuel Buffington, who died intestate during the year 1866. The two female plaintiffs are the only daughters and surviving heirs at law of said Samuel Buffington. John C. Buffington, a son of the deceased, was appointed administrator in August, 1866. He was removed from the said office of administrator in December, 1867. As important questions in the case depend upon the validity of this order of removal, the nature of the same will be more fully hereinafter stated. After the removal of said John C. Buffington, Carrie L. Buffington, the widow of the deceased Samuel Buffington, was appointed as administratrix of said estate in June, 1868. Said John C. Buffington died in July, 1871, and Carrie L. Buffington died in August, 1882. The plaintiff, Mrs. Mathews, was married in 1868, and Mrs. McNelty was married in 1870, and both were always afterward continuously married women until the trial of the case.

The defendant, Mrs. Durkee, claimed under a sheriff's deed, and the defendant, J. H. Durkee, under a tax deed. The defendants took possession of the property immediately after the execution of the sheriff's deed in July, 1874, enclosed the same with a substantial enclosure, and ever since, up to the time of the trial, remained in open, notorious and exclusive possession of the property, claiming title, erecting buildings thereon and receiving the rents and profits of the same. A jury was waived and trial had by the

court, judgment was rendered in favor of the defendants, from which the plaintiffs sue out a writ of error.

In the judgment rendered the Circuit Judge states not only his judgment upon the case presented, but also the reasons impelling him to the same. Of course we are not concerned about the reasons assigned for the judgment, but only whether the judgment of the court below was correct, without reference to the reasons given for the same. The court below held the sheriff's deed void, did not pass at all (so far as is shown by its opinion) upon the tax deed, but held that the defendants had a proscriptive title under the statute of limitations, by reason of seven years' adverse possession, held under an instrument of writing purporting to be a conveyance of the land in dispute.

In rebuttal of the disability of the female plaintiffs growing out of their coverture, it is claimed upon the part of the defendants that in 1874, when they took possession of the land, there was an existing administration, that of Mrs. Carrie L. Buffington, upon the estate of Samuel Buffington, deceased; that not only had the statute of limitations of seven years began to run during the life-time of said administratrix, but that the same had completely expired before her death. Therefore it is argued that as seven years had expired while there was an administratrix in being, capable of maintaining the suit, she was barred by the statute before her death, and the administratrix being barred, the heir is likewise barred. To this it is replied that the order of removal of John C. Buffington was null and void for want of jurisdiction in the court which made the order, and that therefore the order appointing Mrs. Carrie L. Buffington was likewise null

36

and void, there being already an administrator appointed for said estate who was living at said time, and not legally removed. Mrs. Buffington after her appointment acted as administratrix. But it is claimed that there can be no such office as an administrator *de facto*, and that the appointment of an administrator of an estate of which an administrator has already been appointed, who is living and unremoved, is a nullity. Griffith vs. Frazier, 8 Cranch, 9; Hooper vs. Scarborough, 57 Ala., 510; Allen vs. Kellam, 69 Ala., 442. The objections urged to the order removing John C. Buffington as administrator is, that the same was based upon grounds not recognized or permitted by the statutes then in force. The defendants offered certified copies from the probate court of St. Johns county of certain proceedings to remove said John C. Buffington as administrator. An examination of the copies of the proceedings offered by the defendants below shows that the revocation of the letters of administration of John C. Buffington as administrator were based only upon the grounds stated by the probate judge, that said administrator had not "complied with the law which required him to file a full and correct account of the receipts and expenditures of the estate under his control," or "made an affidavit that he has rendered a true and correct account of his administration." The court held "that mismanagement was apparent" in the failure to file such accounts.

It is doubtful if the strict language of the statute authorized the probate court to remove an administrator for the causes stated. The defendants in error have cited the case of Hart vs. Bostwick, 14 Fla., 162, text 174, to the effect that an order of a probate court removing an administrator, although made upon other

JUNE TERM, 1894. 563

'Sarah B. Mathews et al. v. Joseph H. Durkee et al.—Opinion of Court.

than statutory grounds, can not be attacked collaterally, but it must stand unless reversed or set aside by proper proceedings for that purpose. This case undoubtedly sustains the proposition to which it is cited. If in the light of more recent decisions we were disposed to doubt or criticise this opinion, we do not think this is a proper case in which to do so. The plaintiffs, Mrs. Mathews and Mrs. McNelty, in their maiden names, were parties petitioners in the case in which the order revoking letters of administration of John C. Buffington as administrator was made. They invoked the jurisdiction of the court, and the order made was in their favor and at their express request. The order was for their benefit. They do not seem ever to have questioned it, but as heirs of the estate of Samuel Buffington appear for more than twenty years to have acquiesced in it. It comes with bad grace from them to attack the order when others claim the benefit of it. The appointment of Mrs. Buffington being a legal appointment, it follows that a legal administration upon the estate of Samuel Buffington was in existence at the time of the beginning of defendants' adverse possession, and lasted for more than seven years thereafter. Mrs. Buffington as administratrix could have brought an ejectment to recover the land in dispute. Doyle vs. Wade, 23 Fla., 90, 1 South., 516. The prescriptive title of the defendants having become perfected so as to bar the administratrix, the heirs are likewise barred by the statute. Wilmerding vs. Russ, 33 Conn., 67; Meeks vs. Olpherts, 100 U. S., 564; McLeran vs. Benton, 73 Cal., 329, S. C., 2 Am. St. Rep., 814; Hall vs. Bumstead, 20 Pick., 2; Angell on Limitations (6th ed.), 194-203, note 4; Bryan vs. Weems, 29 Ala., 423, S. C., 65 Am. Dec., 407; Wood on Limitations, p. 10; Worthy vs. Johnson, 10 Ga.,

358, S. C., 54 Am. Dec., 393; Coleman vs. Walker, 3 Met., (Ky.), 65, S. C., 77 Am. Dec., 163; Mason vs. Mason, 33 Ga., 435, S. C., 83 Am. Dec., 172.

Under the conclusion we reach it is useless to discuss the form or legal sufficiency of the defendants' deeds. It is sufficient to say that they upon their face purported to be conveyances of the property in dispute to the defendants, and that the defendants had held open and exclusive possession under them much longer than is required by the statute to make a prescriptive title to the land.

There is no error in the judgment of the court below, and it is affirmed.