No. 3738. NOVEMBER 24, 1923.

Petition for prohibition. Before Judge Bell. Fulton superior court. March 22, 1923.

*Spence & Spence,* for plaintiff.

*James L. Mayson, Jesse M. Wood,* and *Harwell, Fairman & Barrett,* for defendants.

---

SHIELDS <em>v.</em> WHITEHEAD, executor.

HINES, J. 1. A will contained this provision: " After all the just debts against my estate have been paid, I desire and direct that my executor shall sell, at public sale, all my property both real and personal, of every kind whatsoever." *Held:* (a) That this provision of the will conferred upon testator's executor authority to sell his lands without obtaining from the court of ordinary an order authorizing the executor to sell them. *Jackson* v. *Williams,* 50 *Ga.* 553. (b) That an allegation in the answer of a purchaser of certain lands of the testator, to a suit brought by the executor against him on his notes given for part of the purchase-price of said lands, and repeated in his petition for injunction

to restrain said suit and for rescission of the sale, that such notes were without consideration, because the executor was not authorized either by an order of the court of ordinary or the will of the testator to sell these lands, and because the executor fraudulently represented to the purchaser that he had the right to sell said lands under the will of testator, is shown to be without foundation by the above provision of the will.

2. Plaintiff, in his petition to rescind the sale to him by the executor of said lands and to enjoin the suit in the city court on his notes given in part for the purchase-money of such lands, alleged that the executor applied to the court of ordinary of Hall County, which court had jurisdiction of the administration of the estate of the testator, and obtained an order to sell said lands, on the premises in Jackson County, after advertising them; and that said order is void because there is no law authorizing a sale of farm lands upon the premises. *Held*, that "any executor, administrator, guardian, or other trustee who by law is managing any trust, estate, or fund, under supervision of the Ordinary or Court of Ordinary, may sell any property situated in this State, if upon petition the Ordinary, in the exercise of sound discretion, deeming that it is for the best interest of cestui que trusts that said real estate be sold on the premises, shall, by order entered on the minutes, so direct; provided that such sales shall be advertised as provided by law, and one hour's public notice of the commencement of the same shall be given at the court-house door on sale day." Acts 1920, p. 80. The grant of said order and the sale taking place subsequently to the act of Aug. 3, 1920 (Acts 1920, supra), the ordinary was authorized to pass said order.

3. The allegation in plaintiff's petition, that the executor "has not now the titles to said land, but that the titles to lands is in the estate of the testator," furnishes no ground for rescinding the sale to the plaintiff by the executor of lands of the testator, and for enjoining the suit against him by the executor on his notes given in part for the purchase-money of said lands.

4. The chancellor properly declined to grant a temporary injunction.

*Judgment affirmed. All the Justices concur.*

No. 3869. NOVEMBER 24, 1923.

Petition for injunction. Before Judge Fortson. Jackson superior court. June 9, 1923.

*Ray & Ray,* for plaintiff. *E. D. Kenyon,* for defendant.