TURNER <em>et al.</em> v. BAIRD <em>et al.</em>

Where a wife gave and bequeathed to her husband all of her property during his life, with remainder to her children, and further provided in her will that her executor, who was her husband, could, at any time he thought it best for the interest of her family, dispose of any of her

property by replacing other property for their children, the executor was authorized to sell any of the property of the testatrix at private sale.

No. 4521. NOVEMBER 15, 1924.

Complaint for land. Before Judge Roop. Meriwether superior court. August 21, 1923.

*N. F. Culpepper* and *J. P. Atkinson,* for plaintiffs.

*G. A. Huddleston, M. Z. O'Neal, R. A. McGraw,* and *J. F. Hatchett,* for defendants.

HINES, J. Antoinette L. Turner died testate in 1887. By the second item of her will she gave and bequeathed to her husband, John P. Turner, all her property during his life, but at his death to be equally divided between her children. By the third item she provided that if her "executor at any time thinks it best for the interest of" her "family to dispose of any of" her "property, he can do so by replacing other property for the children." On September 4, 1901, the husband as executor, sold the lands of the testatrix to James W. Estes, at private sale. The husband died on October 31, 1922. Plaintiffs, who are remaindermen under item two of this will, brought the present suit, after the death of the life-tenant, to recover a portion of the lands of testatrix devised under that item. They base their right to recover on the ground that the deed of the executor was void so far as the interests of the remaindermen were concerned, because the executor sold at private sale. It is conceded by counsel for both parties that the sole question for decision is whether the executor could sell or dispose of this property at private sale, and thus defeat the rights of the remaindermen in the lands of the testatrix. The court below held that, under the provisions of the will, the executor could dispose of this property at private sale.

So we are called upon to decide the single question whether the executor, under the provisions of this will, could sell the lands of testatrix without advertising and selling them at public outcry. The executor is given full power to dispose of any of the property of the testatrix. The requirement that he shall replace any of her property which he may dispose of by other property, for the benefit of the children, does not limit this full power of disposition. A naked power of sale goes no further than dispensing with the necessity of an order to sell. *Turner* v. *Peacock,* 153 *Ga.* 870 (3)

(113 S. E. 585). In such a case the executor can not sell at private sale. Civil Code (1910), § 4036; *Sapp* v. *Cline,* 131 *Ga.* 433 (62 S. E. 529); *Moore* v. *Turner,* 148 *Ga.* 78 (95 S. E. 965); *Chattanooga Iron &c. Cor.* v. *Shaw,* 157 *Ga.* 869, 881 (122 S. E. 597). But the testator, in conferring upon his executor power to sell, may authorize him, either expressly or by necessary implication, to make a private sale. If the executor is clothed solely with the power to sell, and there is nothing to indicate an intention on the part of the testator to authorize him to sell at private sale, then he must sell after advertising and at public outcry. When the intention of the testator is in doubt as to the mode of sale, the safe rule is to adhere to the mode of sale prescribed by law. To take the case out of the general rule requiring executors to sell at public sale, the intention of the testator should be plainly and distinctly expressed in the words of the power, or should be found by necessary implication from the language used in conferring such power. *Jackson* v. *Williams,* 50 *Ga.* 555. In the instant case it is a question of intention. Did the testatrix, under the language used in the third item of this will, intend to authorize her executor to sell at private sale? She did not expressly confer this power upon her executor. Did she do so by clear and necessary implication? She authorized her executor to dispose of any of her property, if he at any time thought it best for the interest of her family. This power of disposition authorized him to convey any of her property in fee simple. *Mayo* v. *Harrison,* 134 *Ga.* 737 (68 S. E. 497).

The power to dispose of property is greater than a mere power to sell property. Under this power the executor could exchange any property of the testatrix for other property. He could dispose of the property of the testatrix at any time he thought it best for the interest of her family. This he could not do, if he were confined to the slow process of public sale, which would have to be made after due advertisement, and at the time and place prescribed by law. His discretion in this matter was not confined merely to the determination of the question whether it was best for her family to sell this property, but this discretion likewise extended to the manner of sale. When we take into consideration the fact that the executor was the husband of the testatrix and the father of the children, and that the husband and the children were the sole beneficiaries of her bounty, we think she intended by the lan-

guage used in granting to her executor this power of disposition, to confer upon him the power to sell whenever he thought best for the interest of the family, and in the mode and at the time he might think best. We think this is the clear and necessary meaning of the language used by the testatrix in the item conferring the power of disposition on her executor. The case at bar falls within the principle announced in *Mattox* v. *Eberhart*, 38 *Ga*. 581; *Anderson* v. *Holland*, 83 *Ga*. 330 (9 S. E. 670) ; *Chattanooga &c. Co.* v. *Shaw*, supra. So we are of the opinion that, under the power conferred by the testatrix upon the executor in her will, he could dispose of any of her property by a private sale. This being so, and as the right of the plaintiffs to recover depends upon a want of authority of the executor to make a private sale, the court did right in sustaining the demurrer to their petition and in dismissing the same.          *Judgment affirmed. All the Justices concur.*