### HEARD *et al.*, executors, *v.* SHEFFIELD *et al.*

Where the court of ordinary grants an order to an administrator to sell the wild uncultivated lands of his intestate either at private or public sale, the administrator may sell as authorized. If the land to be sold is located in a county other than that of the administration, and the administrator elects to sell at public sale, the situs of the sale is the county having jurisdiction of the administration of the estate, in the absence of a provision in the order of sale fixing the place of sale in the county where the land to be sold is located.

August 21, 1911.

Ejectment. Before Judge Worrill. Early superior court. October 5, 1910.

*J. E. Hall,* for plaintiffs. *D. F. Crosland, R. H. Sheffield, C. L. Glessner,* and *J. R. Pottle,* for defendants.

Evans, P. J. The writ of error is to the grant of a nonsuit in an action of ejectment. The plaintiff would have made out a prima facie case if his last muniment of title had been admitted in evidence. The rejected deed was from William M. Weaver, executor of William W. D. Weaver, to Columbus Heard. The subject-matter of the suit was a lot of wild land located in Early county, and title to it was shown to have been in William W. D. Weaver, of Greene county, at the time of his death. There was introduced in evidence an order from the court of ordinary of Greene county, passed at the November term, 1868, granting to William M. Weaver, executor of William W. D. Weaver, leave to sell the wild land of his intestate at public or private sale as he deemed for the best interest of the estate. The rejected deed was duly recorded, and recited that it was made pursuant to a sale under this order at public outcry before the court-house of Greene county, and that the grantee was the highest and best bidder thereat. It is stated in the bill of exceptions that the defendants objected to the introduction of the deed in evidence, "on the ground that the sale therein was void, the statute (Civil Code, § 3448) directing that wild land be sold at private sale, and the deed was inadmissible for the reason that the executor named in said deed had no right, under the law and under the order hereinabove set out, to sell said land at public outcry in Greene county, Georgia, but that the land, being wild land, should have been sold in the county of its situs, to wit, Early county, inasmuch as the same was sold at public outcry." The objection was sustained. Thereupon the case was nonsuited on the evidence before the court.

We think the court erred in sustaining the objection urged against the reception of the deed in evidence. The code declares that before an administrator can sell, the land of his intestate, he must procure an order from the court of ordinary having jurisdiction of the administration, granting him leave to sell. The sale must be at public auction, after due advertisement, in the county having jurisdiction of the administration, unless by special order a portion of the land is sold in another county where the land lies.

Civil Code (1910), § 4028. Where the land to be sold is wild land, the code provides: "On application by the administrator and due notice advertised as hereinafter provided in case of lands, the ordinary may grant an order authorizing the administrator to sell, at private sale, wild uncultivated lands lying in counties other than that of the administration; Provided, no objection is filed by any one interested in the estate, and the ordinary is satisfied that such sale is preferable." Civil Code (1910), § 4024 (Civil Code (1895), § 3448). These two provisions of the code are in pari materia and are to be construed together. The rule which they prescribe for the sale of land by an administrator is that land belonging to an intestate shall be sold at public sale in the county having jurisdiction of the administration, except in two instances. One exception is, that in case a portion of the land to be sold lies in a county other than where the administration of the estate is had, the ordinary may by special order authorize the sale to be had in the county of the situs of the property to be sold. The other exception relates to the sale of wild land located in a county other than that of the administration, in which case the ordinary may authorize the administrator to sell such land at private sale. If the land to be sold is located in the county of the administration, whether it be wild or improved land, the sale must be public, and must take place in the county having jurisdiction of the administration of the estate. If the land be wild uncultivated land, and located in a county other than that of the administration, then the ordinary may authorize it to be sold either at public or private sale; and if at public sale, the situs of the sale is the county of the administration, unless the order specially designates the place of sale in the county where the land lies. The obvious purpose of the code section authorizing a private sale of wild and scattered land is to allow the administrator, when interested parties do not object and the ordinary deems that a private sale will be more advantageous, to privately negotiate a sale and consummate it without further formality than to make a deed. It was not intended to make this an exclusive mode of sale of wild land, since, if the ordinary should decline to permit a private sale of the land, the sale must be public and in the manner prescribed generally for the sale of land. Hence we conclude that the deed was admissible in evidence as against the objection urged against its admission; and if this deed

had been received in evidence, the grant of a nonsuit would have been erroneous.

*Judgment reversed. Beck, J., absent. The other Justices concur.*