## POWER *v.* SHINGLER & BROTHERS.

1. An administrator's sale made under the usual order as to the manner and place of sale, granted under the provisions of § 4028 of the Civil Code, but held at public outcry in a county other than that which had jurisdiction of the administration or in which the land was situated, was not sufficient to pass title to the land to the purchaser at such sale through a deed executed by the administrator or his attorney in fact, reciting the provisions of the order above referred to.
2. The court did not err in granting a nonsuit.

DECEMBER 12, 1911.

Equitable petition. Before Judge Worrill. Miller superior court. October 26, 1910.

*P. D. Rich* and *A. E. Thornton,* for plaintiff.

*Donalson & Donalson,* for defendants.

BECK, J. This was an action for injunction and for damages from trespass. After introducing in evidence an original plat and grant from the State to one Michael Sheehan, covering the lot of land in question, which is in Miller county, and a certified copy of an order of the ordinary of Chatham county, appointing an administrator of the estate of Sheehan, and a certified copy of an order of said ordinary, authorizing the administrator to sell the land in controversy at public outcry, the plaintiff offered in evidence, as muniments of title, a certified copy of a power of attorney executed by the administrator, which purported to authorize Hines and Hobbs, as his attorneys in fact, to sell at public sale before the

court-house door of Dougherty county the lot of land in Miller county, and offered in evidence an administrator's deed executed by Hines and Hobbs in pursuance of said power of attorney. The court excluded from evidence the power of attorney and the deed. Whereupon the plaintiff's counsel stated that without such evidence he could not proceed. The court then granted a nonsuit, and the plaintiff excepted.

1. The court below did not err in granting a nonsuit in this case. The order of the ordinary of the county having jurisdiction of the administration was the usual order authorizing the sale of lands by an administrator, and under that order the sale should have taken place as provided in § 4028 of the Civil Code "at the place of public sales in the county having jurisdiction of the administration." *Heard* v. *Sheffield,* 136 *Ga.* 730 (71 S. E. 1118). It is not necessary to consider the question as to whether or not the lands in question were wild lands, as was recited in the power of attorney; because, even if they were wild lands, no order appears to have been taken in accordance with the provisions of § 4024 of the Civil Code for the sale of wild lands. The only order for the sale of the land from which the plaintiff in this case could have derived title was the order referred to above. Even if it had been competent for the ordinary of Chatham county to grant a special order authorizing a sale in the manner in which the alleged sale was conducted, there was no evidence that any such special order was in fact granted; and the granting of such special order will not be presumed. If the granting of any order which could be relied upon as a basis for the administrator's sale could be presumed in favor of purchasers at the sale, it would not be a special order, but one authorizing the sale in the usual manner and at the usual place.

2. In view of the character of the order of the court of ordinary introduced in evidence by the plaintiff and referred to in the deed tendered by the plaintiff, the court did not err in excluding both the administrator's deed and the power of attorney; and counsel for plaintiff having announced, upon the exclusion of these papers offered as muniments of title, that they could not proceed further, a nonsuit necessarily followed.

*Judgment affirmed. All the Justices concur, except Hill, J., not presiding.*