### HAWKS *et al.* *v.* SMITH *et al.*

ATKINSON, J. 1. A sale, under an order of the court of ordinary, of land situated in a county other than that having jurisdiction of the administration, by an executor without special order allowing the sale to occur there, is illegal; and a deed made in pursuance of such illegal sale is insufficient to pass title to the purchaser. *Power* v. *Shingler*, 137 *Ga.* 157 (72 S. E. 1094); Civil Code, § 4028.

2. In his will a testator declared, that all of his property, both real and personal, should remain in the care of his wife for her use and support, and for the use and support of his children during the life or widowhood of the wife; that his wife should use such amounts of his estate as might be necessary to give to all of his children at least a good English education, and, if it should so happen that any of his children should become diseased during minority, that such child or children should be given a good education; that at the death or marriage of his wife all the testator's property should be divided among his lawful heirs (the wife taking a child's share upon her marriage); that in the event the wife should remain single, she "should give" to each of his children as they arrived at lawful age such amount of his estate as in her judgment she might determine, to be specified and charged as a part of their distributive share. The wife and another were appointed executors, but

only the wife qualified. *Held:* (1) The will created an estate for life or during widowhood in the wife, subject to the charges thereon imposed, with remainder to the children. (2) The will did not confer upon the wife any power of sale. *Glore* v. *Scroggins,* 124 *Ga.* 922 (53 S. E. 690) ; *Toombs* v. *Spratlin,* 127 *Ga.* 766 (57 S. E. 59).

3. A deed from the executrix, who was also the life-tenant, in pursuance of a sale of the testator's land in a county where the land lay, which was not the county having jurisdiction of the administration, under an order of the ordinary allowing a sale but not authorizing it to take place in the county where the land was located, though ineffective to convey the entire estate of the testator in the land, operated as a ·conveyance of the life-tenant's interest as against those claiming in remainder.

4. In an action to recover land, the defendant, who has bona fide possession of such land under adverse claim of title, may set off the value of all permanent improvements bona fide placed thereon; and in case the legal title to the land is found to be in the plaintiffs, if the value of such improvements at the time exceeds the mesne profits, the jury may render a verdict for the plaintiffs for the land and in favor of the defendant for the amount of excess of the value of the improvements over the mesne profits, enforceable as provided in the statute. Civil Code, § 5587.

(*a*) In the case of a suit by remaindermen, where the improvements were made during the pendency of a precedent life-estate by the defendant bona fide in possession under an adverse claim of title, the value of the improvements is to be estimated at the time of the bringing of the suit, and the defendant is only required to account for mesne profits accruing subsequently to the falling in of the life-estate.

(*b*) In his plea setting up the "improvement act" the defendant should allege the various matters referred to in the Civil Code, § 5588. One of the required averments is the value of the land apart from the improvements at the time of the suit. The allegation in this respect was sufficient. The demurrer as to the sufficiency of the other averments was not insisted on in the brief.

5. Though the deed of the executrix, referred to above, was insufficient to convey the remainder estate, yet if the executrix purported to sell the entire title of the testator and received the purchase-money for the whole and distributed this money among the remaindermen in execution of the testator's will, and they, being sui juris, received either a part of the money or other property of the testator, advanced by the executrix in execution of the power of distribution contained in the will, under a general plan of equalization of advancements to the remaindermen, made possible by and based upon the use of the purchase-money for that purpose, with knowledge of all the material facts, the remaindermen would be estopped to recover their interest from the purchaser or his transferee. *Lamar* v. *Pearre,* 90 *Ga.* 377 (5), 387 (17 S. E. 92) ; *Bourquin* v. *Bourquin,* 110 *Ga.* 440, 446 (35 S. E. 710) ; *Hicks* v. *Webb,* 127 *Ga.* 170, 174 (56 S. E. 307).

6. If the remaindermen referred to in the foregoing headnote did not have knowledge of the facts at the time of any advance to them by the life-

tenant, and received money arising from the sale in ignorance of the fact that it was a portion of the purchase-price at the executrix's sale, while they might be liable to account to the defendant for the money so received, they would not be estopped from asserting their title to the land. *Garbutt* v. *Mayo*, 128 *Ga.* 269 (57 S. E. 495, 13 L. R. A. (N. S.) 58).

7. Where the remaindermen under the will in question brought an action at law against a transferee of the purchaser at executrix's sale, to recover the land, it was not necessary to a recovery that they should first restore or offer to restore to the purchaser so much of the purchase-price as was received by them in ignorance of the facts and of the source from which it was derived. If the defendant desires an accounting, upon equitable principles, for money received in ignorance of its character, he should file appropriate pleadings to that effect. *Garbutt* v. *Mayo*, supra.

(*a*) That portion of the answer averring, "that, whether received knowingly or ignorantly, petitioners can not both retain said purchase-money and recover said land, and they have at no time restored or offered to restore said purchase-money with interest thereon since 1896," is insufficient as setting up an estoppel, and is not good as a plea for an equitable accounting for money received in ignorance of the fact that it was a part of the proceeds of the executrix's sale.

8. The verdict was not demanded by the evidence; and inasmuch as some of the rulings of the court conflict with the legal principles herein enunciated, a new trial must be had.

> *Judgment reversed. All the Justices concur.*
> FEBRUARY 26, 1914.

Complaint for land. Before Judge Meadow. Oglethorpe superior court. December 31, 1912.

*H. H. Perry, Paul Brown,* and *W. W. Stark,* for plaintiffs.

*Sibley & McWhorter, Cobb & Erwin,* and *W. M. Howard,* for defendants.