## GREEN et al. v. ELLIS et al.; et vice versa.

ATKINSON, J. William J. Taylor died in 1863, leaving a widow and children. In 1866 dower was allotted to the widow, Mary J. Taylor, in certain lands of the deceased. Shortly after acquiring it the widow sold her dower interest. Subsequently the land was sold at a sheriff's sale, at which time the owner of the dower interest became the purchaser. The widow died in 1910; and in 1911 the heirs of W. J. Taylor instituted an action to recover the land and mesne profits against the grantees of the purchaser at the sheriff's sale, who had previously acquired the dower interest. On the trial a verdict was directed for the defendants, and when the case was brought to the Supreme Court the judgment was reversed on the ground that the sheriff's deed was void, and that the plaintiffs, whose right of entry did not arise until after the death of the dowress, had not lost their title by prescription. *Coogle* v. *Green,* 141 *Ga.* 198 (80 S. E. 431). Upon another trial the judge rejected an offered amendment to the answer, and struck certain portions of the amendment previously allowed and filed. The trial resulted in a verdict for the plaintiffs, and a motion for new trial was overruled. The defendants filed a bill of exceptions, assigning error

16

upon the rulings with respect to the amendment, and upon the refusal to grant a new trial. The plaintiffs filed a cross-bill of exceptions. *Held:*

1. It having been held that the sheriff's sale was void, the fact that the administrator upon the estate of William J. Taylor received from the sheriff the surplus of the proceeds of the sale would not estop the heirs of William J. Taylor from setting up their interest in the land which descended to them directly under the law of inheritance, unless it were shown that the money went into the hands of the heirs with knowledge of all the facts. Civil Code, § 5587. See also *Hawks* v. *Smith*, 141 *Ga.* 422 (7 *a*), 424 (81 S. E. 200); *Garbutt* v. *Mayo*, 128 *Ga.* 269 (57 S. E. 495, 13 L. R. A. (N. S.) 58).

2. Inasmuch as the defendants and their predecessors in title held the dower interest in the land, they had the right to the possession and enjoyment thereof, including the right to make improvements thereon; and the mere failure of the heirs at law to object to the placing of valuable improvements upon the land by the purchasers of the dower interest during the life of the widow would not estop them from asserting title to the land after the termination of the dower estate. And as the heirs did not have a right of entry during the life of the widow, possession by the purchaser could not be the basis of a prescription against the heirs during the life of the widow, and such possession by the defendants and their predecessors in title, commencing in 1878, and continuing up to the time of the death of the widow, would not destroy the right of the heirs to sue for the property.

3. The rulings above announced deal with the questions urged in this court as to the right of the defendants to amend their answer; and there was no error in any of the rulings of the court on such questions.

4. "When several plaintiffs sue jointly, the declaration may be amended by striking out the name of one or more of such plaintiffs." Civil Code, § 5689. There was no error in allowing one of the plaintiffs to be stricken from the case on motion.

5. Under repeated rulings of this court, an exception to the form of a decree is not a proper ground of a motion for new trial. The evidence authorized the verdict, and there was no abuse of discretion in refusing a new trial.

6. Assignments of error which are not referred to in the brief of counsel for the plaintiff in error will be treated as abandoned.

*Judgment affirmed on the main bill of exceptions. Cross-bill of exceptions dismissed. All the Justices concur.*

            MAY 15, 1916.

Complaint for land. Before Judge Littlejohn. Macon superior court. July 16, 1915.

*R. L. Greer, Wallis & Fort,* and *W. W. Dykes,* for Green et al. *J. J. Bull & Son* and *W. T. Williams,* contra.