### TUCKER et al. v. WIMPEY et al.

HILL, J. Under the ruling made in *Patterson* v. *Lemon,* 50 *Ga.* 231, a decision rendered in October, 1872, referring to a sale which occurred on the first Tuesday in October, 1867, which decision was followed in the case of *King* v. *Cabaniss,* 81 *Ga.* 661 (7 S. E. 620), and which was by a full bench of three Justices, and was older than the cases of *Power* v. *Shingler,* 137 *Ga.* 157 (72 S. E. 1094), and *Hawks* v. *Smith,* 141 *Ga.* 422 (81 S. E. 200), and therefore controlling, the deed rejected was legal, and the trial judge erred in refusing to admit it in evidence, and in granting a nonsuit. There was no intimation in the cases of *Power* v. *Shingler,* and *Hawks* v. *Smith,* supra, that there was a formal request to review and overrule the decisions in the 50 *Ga.* and 81 *Ga.,* supra; and those older decisions, not having been reviewed and overruled, are controlling, and the later cases will not be followed.

*Judgment reversed. All the Justices concur except Beck, P. J., dissenting.*

        No. 3221. FEBRUARY 16, 1923. REHEARING DENIED MARCH 1, 1923.

Complaint for land. Before Judge. Mathews. Houston superior court. April 3, 1922.

This was a complaint for land brought by George D. Tucker and J. A. Walton against W. E. Wimpey of DeKalb County, C. E. Baumgartner of Pulaski County, the Standard Lumber Company of Pulaski County, J. P. Cooper of Houston County, the Southern Lumber and Timber Company of Bibb County, and the Macon Veneering Company. On the trial of the case a deed from the administrator of the decedent to the plaintiffs, dated November 6, 1894, and reciting that the land was sold under an order for its sale granted by the ordinary of Pulaski County, dated October 1, 1894, was tendered in evidence by the plaintiffs; the deed showing on its face that the administration was in Pulaski County, where the administration was pending, and that general leave to sell the land was granted. It also appeared from the deed that the sale of the land took place in Houston County. No special order was shown, granting the administrator leave to sell the land in Houston County. The court refused to admit the deed in evidence as a part of the plaintiffs' muniment of title. There was no other evidence showing title into the plaintiffs. The court granted a nonsuit. The plaintiffs excepted to each of the rulings just stated.

*M. Kunz* and *Hall, Grice & Bloch,* for plaintiffs.
*Duncan & Nunn* and *Ryals & Anderson,* for defendants.