### FICKEN v. HAAS.

GILBERT, J. The petitioner sought to enjoin the defendant from the sale of realty held under a security deed, the defendant having advertised that the property would be sold on the "first Monday [the 7th] of September, 1931." The court, on September 1, issued a rule nisi requiring the defendant to be and appear before the court on September 5, 1931; and on the same day that the rule nisi was issued the court modified the order, requiring the hearing to be on that day, at 12:30 p. m. At the time named in the last order the plaintiff made no appearance. The court sustained the general demurrer and dismissed the petition. On the next day, September 2, petitioner presented a bill of exceptions to the trial judge for certification, and the same was certified on September 4. The bill of exceptions contains two assignments of error: (1)

that the court erred in modifying the rule nisi by changing the time for the hearing from September 5 to September 1 at 12:30 p. m., on the ground that it was done without notice to petitioner, and "that such notice of such modification of the order and of the changed time of hearing would have enabled the petitioner to have appeared in support of his petition and to have appeared and have bid at the sale if his petition had then been dismissed." (2) On the order sustaining the general demurrer. *Held:*

1. The petition was too vague to set out a cause of action. The court did not err in sustaining the general demurrer.

2. In view of the above ruling, it follows that the modification of the rule nisi was harmless. *Judgment affirmed. All the Justices concur.*

No. 8663. NOVEMBER 13, 1931.

*C. E. Presley,* for plaintiff.
*Herbert J. Haas* and *Sol I. Golden,* for defendant.