FORD *v.* PRUDENTIAL INVESTMENT COMPANY *et al.*

No. 8666. JANUARY 14, 1932.

*C. E. Presley*, for plaintiff  *Grant & Long*, for defendants.

HINES, J. Ford filed his petition against Prudential Investment Company and its attorneys, in which he made this case: On June 15, 1925, he executed to said company a series of notes, payable monthly, for the sum of $33.80 each, except the last note

which was for $22. These notes were secured by deed to described real estate. They contained an acceleration clause. In January, 1931, petitioner was in arrears in his payments upon six of these notes, and was sued thereon. A settlement of this suit was effected between the parties, whereby petitioner paid to defendant two of his past-due notes and $50 attorney's fees, part in cash and part by note, and by which he agreed to pay one of his notes monthly thereafter. Petitioner has not paid one of these notes each month, but has been paying the same at irregular intervals, and defendant has been accepting payment thereof at such intervals. Such departure from the terms of their contract of settlement constitutes a new contract between the parties. Petitioner has paid and defendant has received money under such departure from the terms of the contract of settlement. Nevertheless defendant has declared all of said remaining notes due, and has elected to proceed to foreclose the security deed without giving him the necessary and required ten days notice of its intention to rely upon the terms of the agreement. Petitioner is ready, able, and willing to comply with the exact terms of the new agreement. Defendant has advertised the property of petitioner for sale, and will proceed to sell the same unless restrained. Petitioner tenders into court and to the defendant compliance with the exact terms of the contract entered into at the time of the settlement of said suit against him. He prays that the defendant be enjoined from selling his property, and for such other and further relief as to the court may seem proper. The petition was presented to the judge on September 1, 1931; and he granted a rule nisi calling upon the defendants to show cause before the judge presiding in the motion division of the court, on September 5, 1931, why an order should not be granted restraining the defendants as prayed. Thereafter and on the same day the judge, without notice to petitioner or his attorney, and without knowledge on their part, modified said restraining order, changing the date of the hearing from September 5, 1931, to September 1, 1931. At said hearing the judge sustained an oral motion in the nature of a general demurrer, and dismissed the petition. To this judgment the petitioner excepted. The assignments of error in the bill of exceptions are that (a) the court erred in modifying the rule nisi by changing the time for the hearing thereon, without notice to him, when notice of such

modification would have enabled him to appear in support of his petition, and to appear and bid at the sale of his property if his petition had been dismissed; and (b) the court erred in sustaining the general demurrer.

■ The petition did not set out a cause of action; and for this reason the court did not err in sustaining the general demurrer.

■ In view of the above ruling, the modification of the rule nisi and the hearing of the demurrer without notice to petitioner were harmless. *Ficken* v. *Haas*, 173 *Ga.* 813 (161 S. E. 616).

*Judgment affirmed. All the Justices concur.*