GUTHRIE *v.* MORAN *et al.*

No. 13789.  JULY 9, 1941.

*Willis Smith,* for plaintiff.　*Emmett Smith,* for defendants.

GRICE, Justice. ■ J. P. Moran and T. A. Moran were administrators of the estate of their mother and executors of the will of their father. The plaintiff is their sister. She and all the defendants, except the original purchaser, had equal interests in the properties, as heirs and legatees. While the evidence on this point was in conflict, there was testimony to the effect that the plaintiff, one of the heirs at law of her mother and one of the legatees of this property under her father's will, agreed that the property of both the father and the mother be put up, knocked off and sold together, just as it was done in the case before us; that is, that each portion should be offered separately, and then the property of both in one offer, and it should be knocked off and sold in whichever way it brought the most. It is undisputed that when first put up in parcels the sum of the bids therefor was less than the whole brought when cried off at one time. Mrs. Guthrie was present at the sale, and there is nothing in the record indicating that she then and there objected to the way in which it was sold, though she testified that to her brothers she had, a long time before the sale, objected to its all being sold together.

In the motion for new trial it is complained that the court, after charging the jury, "Now, I charge you that as a matter of law the property of two separate estates can not be sold together jointly at one and the same transaction, unless there is an agreement by all of the legatees under the will and all the heirs of the estate, by virtue of which the sale is had. If the property belonging to two separate estates is sold without any such agreement as that, it is a void sale and should be set aside," also instructed them as follows: "I charge you on the other hand, where two estates are to be sold, of man and wife, as was done in this case, but where all of the legatees under the will of the man and all of the heirs to the estate of that woman or wife enter into an agreement that the property may be sold together and instruct the executors and administrators to sell it in a lump, all together at one time, and in one transaction, and if the executors and administrators, by virtue of that kind of an agreement, sell the property in that manner, then it is a legal and valid sale, and all the parties would be bound by the sale thus conducted." The judge did not err in so charging. For the present we will not deal with the last sentence in the challenged extract from the charge, reserving that for later consideration, and

will in this division of the opinion confine ourselves to the other portion.

The Code, § 113-1720, declares: "To divest the title of the heir at law, the administrator shall have authority to sell; if there shall be irregularities, or if he shall fail to comply with the law as to the mode of sale, the sale shall be voidable, except as to innocent purchasers." The words "authority to sell" refer to the order of the ordinary granting leave to sell. *Wilcox* v. *Thomas,* 191 *Ga.* 319 (12 S. E. 2d, 343). In *Sapp* v. *Cline,* 131 *Ga.* 433, 436 (62 S. E. 529), it was said that the "irregularities" mentioned refer "to such matters as the mode of advertising, or other irregularities in the procedure." In *Merritt* v. *Jones,* 136 *Ga.* 618 (71 S. E. 1092), the advertisement of the administrator's sale described the land as "lot of land No. 157, fifth district of Randolph County, Georgia, containing 202½ acres, more or less." The administrator made public announcement at the sale that he was going to sell the "old Trippe place." He executed a deed to the purchaser, describing the land as lot number 158 in the fifth district of Randolph County. There being an order of sale by the ordinary, this was treated as a mere irregularity. The sale of the land in the wrong county, there being shown a general order granting leave to sell, but no special order to sell in the county where the sale took place, has been held to be a mere irregularity. *Tucker* v. *Wimpey,* 155 *Ga.* 118 (116 S. E. 315), and cit. We are not unmindful of the fact that the purchaser in the instant case had notice that lands belonging to two estates were being cried off together, and therefore he was not what the law calls an innocent purchaser. The foregoing authorities are cited, however, to show some of the things contemplated by the law as mere irregularities. Selling lands belonging to two estates all together, under the same bid, after having first offered them separately, and receiving a larger bid for them when offered as a whole, and accepting it, rather than the smaller amount of the total of the bids when offered one parcel at a time, could hardly be classed as more irregular than for an administrator to sell the land in the wrong county. Here the order to sell was granted. The administrators and the executors advertised the property and sold it at public sale. If this sale in the manner indicated was had under an agreement between all the heirs at law and legatees, it can not be set aside for such a cause at the instance of one who was a party to

the agreement; and the charge of the court to that effect was correct. It was competent for the plaintiff to waive a mere irregularity in the manner of conducting the sale, and likewise it.was competent for her to agree in advance that the sale should be had in the irregular manner above pointed out. She was not even injured thereby. The case of *Roughton* v. *Rawlings,* 88 *Ga.* 819 (16 S. E. 89), does not sustain the position of counsel for the plaintiff. It was there merely held that a verbal agreement between two persons having no interest whatever in the property to be sold, that one or the other of them should bid off at an executor's sale a tract of land about to be sold, and that the same should then be equally divided between them, was not enforceable, because within the statute of frauds. We have not that character of case before us. The agreement relied on here was one respecting the manner of sale by third persons, and is not within the statute of frauds. The plaintiff is not seeking to have any agreement specifically performed, as in that case.

■ The rulings made in headnotes 2, 3, 4, and 5 will not be amplified.     *Judgment affirmed. All the Justices concur.*