27542.    ADAMSON et al. v. PETTY et al.
27543.    BRYAN et al. v. ADAMSON et al.

JORDAN, Justice. A. E. Adamson and Wynette Adamson Ragsdale, Co-Administrators of the Estate of L. M. Adamson, Sr., instituted an action in Clayton Superior Court against the heirs of the estate and R. W. Nelson,

a purchaser at a public sale of lands of the estate, seeking a declaration of the validity of the sale and other acts, including liability for ad valorem taxes. Case No. 27542 is an appeal by the co-administrators and Case No. 27543 is an appeal by three of the heirs from the final order of the trial judge finding that the sale of the subject property by the co-administrators was a valid sale; that the successful bidder was an innocent purchaser; that the purchaser bid and the property was knocked off to him in accordance with terms and conditions orally announced at the sale, although such terms and conditions did not follow precisely the order authorizing the sale; that the purchaser did not have actual knowledge of the altered terms of the sale; that the sales price was in excess of the appraised value of the land and some $200 an acre more than the heirs had expected to receive at the sale; that the heirs were adequately protected and their respective interests were manifestly enhanced by sale under the altered terms and conditions; and that the altered terms and conditions were mere irregularities. The identical enumerated errors for each appeal are directed to the findings and order of the trial court.

The evidence discloses an order of the Ordinary of Clayton County on March 2, 1970, authorizing the sale of a 94.34 acre tract for 29% cash, balance in five equal instalments plus accrued interest at 7% per annum, secured by purchase money deed providing for release of 20% of the acreage for the down payment and release of further acreage for 110% of the per acre price, including contiguous road frontage in proportion to the acreage released. This property was exposed at public sale on two occasions in 1970 and the bids rejected at such time by the co-administrators. Another order was obtained on September 8, 1970, authorizing the sale of a 368.64 acre tract of the estate on the same basic terms. The combined acreage was

put on sale at public outcry on the courthouse steps in Jonesboro on April 6, 1971, and R. W. Nelson was high bidder. (There was evidence that Nelson and another individual entered the bid and were to form a corporation but those details are not in issue here.) The terms of the sale, as stated in the memorandum, are: $2,465 per acre, total price $1,141,254.70, closing to take place on or before August 5, 1971, purchaser to forfeit $2,500 deposit to the estate to cover advertising and other costs upon failure to close, otherwise the deposit applies to purchase price. On July 20, 1971, the administrator conveyed the lands to R. W. Nelson, reciting therein the receipt of $330,961.25 in purchase money, and a purchase money deed and note for $810,284.45. The note of the same date provides for payment of five equal annual instalments of $162,056.89 plus accrued interest of 7% per annum, with prepayment privilege only on or after August 2, 1971 (the estate's fiscal year ended July 31, 1971) to include accrued interest, but without penalty. The security deed of the same date excludes the 94.34 acre tract, and provides for release on the basis of 110% of the per acre price, $2,711.50, to include "release of contiguous road frontage in proportion to the number of acres released and in accordance with an orderly development plan." *Held:*

1. The motion to dismiss the appeal in Case No. 27542 is denied.
2. An administrator, except where otherwise provided, may exercise his discretion in demanding cash or extending credit, but if credit shall be given, the administrator shall, at his own risk, determine the sufficiency of the security given. Code Ann. § 113-1703. There is no specific requirement that an order granting leave to sell specify the terms of sale. See Code Ann. § 113-1706. The administrator shall, however, state the terms of sale in all advertisements for sale. Code §

113-1718. Under the common law printed or written particulars and conditions of sale could not be contradicted, added to, or altered by verbal declarations made by the auctioneer at the time of sale, but this court has stated: "We are not disposed to apply this common law rule so strictly as to exclude all parol declarations as to the altered terms of sale from the printed or written advertisements made by executors and administrators at their public sales, under the laws of this State, when the bidder or purchaser has full knowledge of such altered terms, and acts upon them." *Daniel v. Jackson,* 53 Ga. 87, 90. "To divest the title of the heir at law, the administrator shall have authority to sell; if there shall be irregularities, or if he shall fail to comply with the law as to the mode of sale, the sale shall be voidable, except as to innocent purchasers." Code § 113-1720. The "authority to sell" is the order of the ordinary granting leave to sell. *Wilcox v. Thomas,* 191 Ga. 319 (3) (12 SE2d 343). The "irregularities" refer to such matters as the mode of advertising or irregularities in the procedure. *Sapp v. Cline,* 131 Ga. 433, 436 (62 SE 529). Also, see *Guthrie v. Moran,* 192 Ga. 607 (15 SE2d 890).

In our opinion the trial judge was authorized to determine, under the evidence and applicable law, as above set forth, that a valid sale was effected by the administrators to an innocent purchaser in substantial compliance with the advertised terms of sale as modified by announcement at the time of public sale. The enumerated errors in each appeal, as argued and insisted upon, are without merit.

*Judgment affirmed. All the Justices concur.*
ARGUED NOVEMBER 14, 1972—DECIDED JANUARY 23, 1973.

*Hutcheson, Kilpatrick, Watson, Crumbley & Brown,*

*John L. Watson, Jr.,* for appellants Case No. 27542.

*Robert Carpenter, Paul H. Anderson, Buddy Welch,* for appellees.

*Mitchell, Pate & Anderson, Paul H. Anderson,* for appellants Case No. 27543.

*A. J. Welch, Jr., John L. Watson, Jr.,* for appellees.