29992. VICKERS et al. v. VICKERS et al.

HILL, Justice.

This is an appeal by the executors of a will from the grant of an injunction and a declaratory judgment which construed certain provisions of the will contrary to the position of the executors. At issue here is the interpretation of clauses in the will which provides for a "preference" on the sale of certain property of the estate.

Opal Lee Duke Vickers died testate. Her will was duly probated with the nominated executors appointed as executors and duly qualified as such. A sizable asset of the estate is a tract of land in excess of one thousand acres. In the will the executors were expressly directed to liquidate the testatrix' real estate holdings and were given the power to sell the property, at public or private sale and with or without notice or advertisement. In pertinent part Item XVII provided:

"In considering any sale, I direct them to give preference: first, to any person closely related to me by blood; second, to any person closely related to my deceased husband, Dan M. Vickers, by blood, particularly any of his relatives owning other lands adjoining, or in the same general area of, such acreage.

"I expressly authorize my Executors to sell to a relative (either of myself or my deceased husband) entitled to preference, as above stated, for a price equal to, or substantially equal to, the best bona fide offer of a third person not entitled to preference; and I expressly relieve them of any obligation to accept the highest offer, so long as the offer actually accepted is substantially equal to the highest offer then available to my Executors." The Item also provides other terms and conditions including disposition of such acreage as a whole or in parcels, and

opposition to a sale to a pulp or paper company. It concludes with an expression of the testatrix' inability to foresee or anticipate all the factors which may influence the final decision of the executors and confers "upon them a broad discretion in making this determination, and any decision which they reach in good faith shall be final and binding upon all persons interested hereunder."

The stipulated facts are that in October 1974 the executors advertised for sealed bids for the tract of real estate. Prior to the opening of bids, Conway Vickers, a person entitled to preference under Item XVII, indicated that his understanding of the will was that he was entitled to the right of refusal to purchase the property. One of the executors disagreed with this interpretation of the will and stated that Conway Vickers would have to enter a bid for consideration by the executors. The bids were opened on November 5, 1974, and the lone bid for $150,000 made by an outsider was rejected. Conway Vickers was present at the opening and later that same day made an oral offer of $250,000. This offer was taken under consideration.

Thereafter during November the executors negotiated an agreement with a .third person to sell the property for $350,000. Neither prior to the agreement nor subsequent to it did the executors offer to sell the property to Conway Vickers for $350,000 or substantially that amount. On December 2, 1974, he called one of the executors saying that he was prepared to pay $350,000 for the property. The executor replied that he was sorry but that they had already committed themselves to someone else.

Conway Vickers immediately filed this action in Coffee Superior Court seeking declaratory judgment, injunction, and construction of the will. Subsequently three intervenors were added as plaintiffs with the consent of Conway Vickers. The court considered the pleadings and stipulation of facts and issued an order construing the will. The court found (1) that pursuant to the will and particularly Item XVII thereof, the plaintiffs were entitled to be given preference in the purchase of the acreage, (2) that to provide such a preference, the executors would be required to notify the plaintiffs of any bona fide offer from a person not entitled to a higher

preference and to give the plaintiffs a reasonable time to make an offer to purchase at a substantially equal amount, (3) that the executors had failed to provide such preference here and were enjoined from consummating the sale, (4) that Conway Vickers must give bond and security, and (5) that the plaintiffs be permitted to purchase the property for $350,000 within 30 days.

The executors have appealed to this court charging that the trial court erred in construing the will to require notification and allowance of a reasonable time to the plaintiffs to purchase the property and also erred in enjoining the pending sale of the property. They contend that they were given "broad discretion" under Item XVII and that their decision reached in good faith should be final and binding.

The cardinal rule in the construction of wills is to seek the intent of the testator. "In the construction of all legacies, the court shall seek diligently for the intention of the testator and give effect to the same as far as it may be consistent with the rules of law." Code Ann. § 113-806.

The will in this case gave the executors broad discretionary power to dispose of the acreage, by public or private sale, including the power to divide it into parcels rather than sell it as a whole if they so determined. The testatrix expressed her desire that the property not be sold to a pulp or paper company unless it would not be practicable to realize substantially its fair value by selling to an individual. She also indicated that she wished them in considering a sale to give preference first to her blood relatives and second to her deceased husband's relatives and that those entitled to a preference be entitled to buy at a price equal to, or substantially equal to, the best bona fide offer of a third person. The testatrix clearly intended for the executors to give these relatives a preference.

The question is, what constitutes a preference, particularly when viewed in the light of broad discretion given the executors to enable them to realize the best price they could for the acreage.

Such "preference" might be accorded the testatrix' relatives in one way where sale is by sealed bids. It may be accorded in another way where sale is negotiated. By this

we mean that we do not approve or disapprove the method first used by the executors to sell the property by sealed bids, requiring relatives to submit bids for consideration of the executors as to whether the preferred relative's bid is substantially equal to the highest bid. That method proved unsatisfactory to the executors in this case and is not before the court for review.

The plaintiff contended successfully in the court below that as to a negotiated, private sale to a third person, a "preference" means the right of first refusal. The executors contend that the preference established by Item XVII does not require them to give the plaintiffs a right of first refusal and argue that such right would hinder them in their duty of obtaining the best possible price for the property. However, the testatrix indicated that the maximum price was not necessarily expected of a relative entitled to a preference nor of an individual purchaser as opposed to a pulp or paper company.

One initial matter is clear from the critical provisions of the will (quoted above) in addition to the intent of the testatrix to provide a preference for her relatives. Before the executors could sell to a relative entitled to preference, they would have to have a bona fide offer of a third person not entitled to preference. That is to say, before the executors could honor the testatrix's preference, they would have to have two offers, one from a third person and one from a preferred relative. Thus, the question becomes, which of these offers must be made first.

Another matter is also clear. Once the executors have a bona fide offer from a third person, they are relieved of any obligation to accept it so long as the offer of the preferred relative is substantially equal to the highest offer available from such third person.

It was the clear intent of the testatrix to afford certain relatives a preference. Such preference becomes meaningless unless it means the right of first refusal of a sale price negotiated with a third person.

Let us examine this analysis of the testatrix' intent. Could the executors, without ever contacting or hearing from the preferred relatives, negotiate and consummate a sale with a third person? Clearly they could not. "In

considering any sale, I direct them to give preference . . ."

Absent the voluntary offer of $250,000 by Conway Vickers, the executors could not negotiate and consummate a private sale with a third person without contacting the preferred relatives. The testatrix certainly did not know that such offer would be made first by Conway Vickers. It was her intent that the executors, if they decided to sell the property at private, negotiated sale, obtain the best bona fide offer of a third person not entitled to preference and then afford the preference to her described relatives; i.e., it was the intent of the testatrix to afford her preferred relatives the right of first refusal of a price negotiated with a third person.

Although the executors have broad discretion, that discretion does not include negotiation of a sale to a third person without affording relatives the preference established by the testatrix' will.

The trial court did not err in construing the will to require notification of preferred relatives and allowance of a reasonable time to them to make an offer to purchase the property at an amount substantially equal to the negotiated offer. It follows that the trial court did not err in enjoining the executors from consummating the sale with the prospective third party buyer.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 9, 1975 — DECIDED SEPTEMBER 2, 1975.

*Gibson, McGee & Blount, Lamar Gibson,* for appellants.

*Lee R. Williams,* for appellees.