### 37040. DUNCAN et al. v. BAGGETT et al.

GREGORY, Justice.

W. A. Baggett died intestate in 1963. Surviving him were a widow, Edna Fae Baggett, and four children. A number of years passed without any administration on the estate. In 1976 one of the four children, Richard Allen Baggett, died intestate. Surviving him was his minor son, Christopher Allen Baggett. Soon after Richard's death Gary R. Duncan was appointed administrator of his estate. Thereafter, in 1977, Edna Fae Baggett was appointed administratrix of her deceased husband's estate.

An asset of the W. A. Baggett estate in issue here was a certain tract of land. There were communications between those administering the two estates seeking unsuccessfully to settle the W. A. Baggett estate. In July of 1977 Edna Fae petitioned the probate court for leave to sell the land belonging to the estate. Notice of this petition was published as required by law. On September 6, 1977 leave to sell was granted by the probate court. This was followed by advertisement of the land for sale in the newspaper, and sale at public outcry as required by law. One of the surviving children of W. A. Baggett, through an agent, submitted the high bid of $28,609.35. Appellants contend this was grossly less than fair market value. A witness for appellants testified at trial the market value was $62,370. Following the acceptance of the bid, the administratrix and three of the surviving children of W. A. Baggett borrowed $14,304.68 from a local bank. The purchaser gave a deed to secure debt to the bank conveying the land purchased. The borrowed money was deposited in the estate account. One month later the balance of the purchase price was paid to the administratrix.

1. Appellants' first two enumerations of error complain that the sale of the land took place without proper service or notice and appointment of a guardian ad litem for the minor, Christopher Allen Baggett. They base this contention on the provisions of Code Ann. § 113-1702.[1]

---

[1] Sale to be at public outcry; hours; continuance from day to day.

The authority for sale of land by an administrator as made necessary by debts of the estate or for distribution is found in Code Ann. § 113-706. The code requires the administrator to petition the probate court. A hearing on the petition is to be held to determine whether or not the sale shall be permitted. Notice of the hearing is by publication. If the court grants leave to sell, one turns to Code Ann. § 113-1707 which requires advertisement of the sale in a newspaper. One then looks to Code Ann. § 113-1702 (a) which requires all public sales by administrators to be at public outcry. This code section sets hours of sale and requires sales to follow each other without undue delay.

Appellant contends that subsection (c) of Code Ann. § 113-1702 applies to public sales by administrators. The subsection requires personal service on heirs and appointment of a guardian ad litem for any heir who is a minor with personal service on the guardian ad litem. We hold that subsection (c) applies only to private sales by

---

(a)  All public sales made by administrators shall be at public outcry. Beginning at 10 o'clock a.m. Eastern Standard Time, or as soon thereafter as practicable, each such sale shall be made following any other sale at public outcry without undue delay. All such sales shall be concluded prior to four o'clock p.m. Eastern Standard Time unless it shall be so advertised. No sale shall be continued from day to day unless so advertised. Good faith is required by the administrator in all cases that the property may be sold in such manner and quantities as shall be deemed most advantageous to the estate.

(b) In addition to the laws now existing for the sale of property by administrators, the duly appointed and qualified administrator of an estate may petition the judge of the probate court for leave to sell property of the estate, both real and personal, at private sale to pay debts as well as for distribution. Except as hereinafter provided, the method of private sale shall be in the same manner as that prescribed for the sale of property by guardians under sections 49-203 and 49-204: Provided, that the judge of the probate court shall consider the petition, and shall hear evidence thereon; and if he shall determine from a consideration of the evidence that the proposed transaction is fair and in the best interest of the estate, he shall by appropriate order permit the sale and direct the disposition of the proceeds of any such sale.

(c) The adult heirs of the estate who reside within this State shall be served personally with a copy of the petition and citation. As to such of the heirs who may be minors or incompetents, and reside within this State, as disclosed by the petition, the judge of the probate court shall, upon the petition being filed, appoint a guardian or guardians ad litem for such minors and incompetents, who shall be served with a copy of the petition and citation, and such guardian or guardians ad litem shall make answer to the petition. As to such minor or incompetent heirs who may reside without the State as disclosed by the petition, service shall be made by the judge of the probate court by registered or certified mail to the last known address of such minors or incompetents, and a guardian or guardians ad litem shall be appointed by the judge of the probate court, upon the petition being filed, for such minors or incompetents, as heretofore provided. As to such of the competent adult heirs who reside without the State, service shall be made by the judge of the probate court upon such adults by registered or certified mail, to the last known address of such heirs."

administrators. This was the intention of the legislature as appears from a consideration of a partial history of Code Ann. § 113-1702. Until amended by Georgia Laws, 1974, p. 1136, the entire section was comprised of what is now subsection (a), and dealt only with public sales. By the Act of 1974 the old section became subsection (a). Subsections (b) and (c) were added to enable administrators to conduct private sales. Subsection (b) creates the authority for private sales. Subsection (c) provides for notice to the heirs. Those to be served are to receive a copy of the "petition." This word refers to the "petition" for private sale mentioned in (b). Subsection (a) in dealing with public sales makes no mention of a petition. This follows because subsection (a) relates to section 1706, an entirely separate code section where a petition for public sale is required. The public sale itself must be advertised in an appropriate newspaper as required by section 1707.

It follows that the administratrix of the W. A. Baggett estate was obliged to follow sections 1706 and 1707 together with subsection (a) of section 1702. These relate to public sales by administrators. She was not required to follow subsections (b) and (c) of section 1702 because they relate only to private sales by administrators. The record shows that the probate court ordered that citation issue and the court later found that the same was published as the law requires all in accordance with section 1706. The record contains copies of advertisements of the sale as required by section 1707. Enumerations of error as to these matters are without merit.

2. At trial, appellants submitted a request to charge the exact language of Code Ann. § 113-1718: "Executors and administrators shall state, in all advertisements of sales by them, the terms of sale." This charge was given, but over objection of appellants the trial court added the following sentence: "However, where no terms are given, suitable terms, fair to all parties, may be made at said sale." Appellants contend error was made. We disagree.

The facts disclose that the advertisement of sale made no mention of credit. Yet, credit was extended at the sale. We have held that terms of sale as advertised may be altered at the sale itself. *Daniel v. Jackson,* 53 Ga. 87 (1874); *Adamson v. Petty,* 230 Ga. 87 (195 SE2d 436) (1973). We hold that the mere failure of the administrator to advertise specific terms of sale is not a sufficient ground to set aside the sale, where the terms of the sale were announced on the day of the sale. 2 Redfearn, Wills and Administration in Georgia, § 312 (4th Ed.). The charge as given was not error.

3. The remaining enumerations of error complain of other portions of the court's charge and of the failure to give certain requested charges. We have carefully studied the court's charge and

the omitted requests and find these enumerations of error to be without merit.

*Judgment affirmed. All the Justices concur, except Hill, P. J., who concurs in the judgment only.*

DECIDED MAY 14, 1981 —
REHEARING DENIED MAY 26, 1981.

*Newberry & Ray, Hugh F. Newberry,* for appellants.
*Kenneth R. Ott,* for appellees.