A91A0681. KING et al. v. KING.
(405 SE2d 319)

BEASLEY, Judge.

Ralph King died testate, leaving his son, appellee Larry King, and his two daughters, appellants Brenda Joy Freeman and Glenda King, as the primary beneficiaries of his will. The testator's real property, consisting of his home and accompanying acreage, was to be "divided in equal portions, or sold in one piece but not for less value commensurate with prevailing prices of comparable land plots in this vicinity. And monies divided to three children."

---

After Larry King was named executor, his sisters petitioned to have him removed. Although denying the petition, the probate court questioned the validity of a contract for the sale of the house entered into among the parties, because the will did not specifically grant the executor the authority to sell any property without leave of court. Noting a great disparity between two appraisals, the probate court ordered the executor to obtain an additional appraisal and enter into a contract for sale of the property for its market value. Direction was given that "due consideration should be given the beneficiary, to wit, Brenda Joy King Freeman, to purchase said real property due to the fact that she has moved into the property and caused repairs to be made to same; should she not be able to purchase said property, she shall be reimbursed by the executor for all out-of-pocket expenses which can be verified."

A subsequent order stated: "It appearing that the parties agree that one of the heirs, Joy Freeman, will purchase the homeplace and 4 acres more or less for the sum of $65,000.00. It appearing that the heir, Joy Freeman had improved the property in the sum of approximately $13,663.35. The executor is authorized to sell to the heir, Joy Freeman, and convey to her or her designee the real estate of testator."

A hearing for a final settlement transpired pursuant to OCGA § 53-7-163. Testimony showed that the subject property had been conveyed to Glenda King rather than to Brenda Joy Freeman. Glenda acknowledged that contrary to the earlier court order, the property was sold to her rather than Brenda, but Brenda was living with her in the house. Counsel, who represented both sisters at trial, confirmed this and stated to the court that Glenda had purchased the house in trust for her sister. Brenda did not testify.

Brenda, who is represented by new counsel on appeal, contends that she never assigned her right to purchase the property to Glenda. She contends that the sale to her sister was in legal effect an invalid private sale because the probate court never granted the executor leave to sell to Glenda, as required by Code law. She also contends that she has neither been reimbursed for her improvements nor been disbursed her share of the sale proceeds.

The executor argues that Brenda did agree to sell the property to Glenda and that she is precluded from raising this issue on appeal since it was not raised at trial. He also contends that the Code sections concerning a private sale of real property by the executor are not applicable where, as here, the beneficiaries of a will, in termination of a family controversy, have entered into an agreement for the distribution or division of property devised to them, in lieu of the manner provided by the will.

1. Notations in the closing statement of the sale to Glenda indi-

cate that Brenda was given credit for her improvements to the property and for her share of the proceeds of the sale, although such funds may not have been actually disbursed to her.

2. If it becomes necessary to sell real property to pay debts of an estate or to make distributions other than in kind, the administrator or executor is required to petition the probate court for leave to sell the property at public or private sale. See OCGA §§ 53-8-23; 53-8-34; 53-8-36; *Duncan v. Baggett*, 247 Ga. 609, 610-611 (1) (277 SE2d 733) (1981); *Lowell v. Bouchillon*, 246 Ga. 357 (2) (271 SE2d 498) (1980). Notice of the petition for a public sale must be published in the newspaper in which county advertisements are published. OCGA § 53-8-23. The method of private sale is generally the same as that prescribed for the sale of property by guardians. OCGA § 53-8-34. If the sale is conducted pursuant to a power of sale in a will, leave of court is not required, although statutory requirements for the sale may become applicable to the extent that the power of sale fails to specify the manner of its execution. See *Vickers v. Vickers*, 234 Ga. 849 (218 SE2d 565) (1975); *Turner v. Baird*, 159 Ga. 277 (125 SE 475) (1924); OCGA § 23-2-115; 2 Redfearn, Wills, Ga., p. 347, § 306 (5th ed.).

Where the parties have agreed among themselves to a division of the property, a public or private sale in accordance with the statutory directives is not required. See *Copelan v. Kimbrough*, 149 Ga. 683, 689-692 (5) (102 SE 162) (1919); *McCook v. Pond*, 72 Ga. 150 (1883); compare *Veale v. Vandiver*, 167 Ga. App. 865 (307 SE2d 749) (1983); compare also *Guthrie v. Moran*, 192 Ga. 607 (1) (15 SE2d 890) (1941). Consequently, the sale to Glenda need not have been conducted as a public sale or private sale within the scope of the foregoing Code sections.

3. Nonetheless, the probate court authorized a sale of the property to Brenda "or her designee" for the sum of $65,000 based on an agreement of the parties.

" 'It is well settled that agreements among heirs at law to distribute or divide property devised under a will, in lieu of that manner provided by the will, are valid and enforceable.' *West v. Downer*, 218 Ga. 235, 241 [(5)] (127 SE2d 359) (1962). Such agreements have as their consideration the termination of family controversies. Id. The agreements are supported by the public policy of furthering family harmony and avoiding lengthy litigation. See 42 ALR2d 1312 (1955). The agreements are in essence solely contractual and governed by the rules applicable to all contracts. *West*, supra." *Beckworth v. Beckworth*, 255 Ga. 241, 243 (1a) (336 SE2d 782) (1985).

Although there is no requirement that such agreements be approved by the court, the parties may submit them for approval so as to bind the parties and serve as res judicata. *Beckworth*, 255 Ga. at 243 (1b), supra; accord *Gray v. Trust Co. of Ga.*, 211 Ga. 332 (85

SE2d 721) (1955).

The probate court entered an order of final settlement, based on the representation by counsel that under the parties' agreement, Brenda had agreed to have title to the property conveyed to Glenda as Brenda's trustee. Consequently, the final order is subject to attack on the ground that the sale to Glenda was in breach of the parties' agreement, unless Brenda is bound by counsel's contrary statement to the probate court.

4. Where a client has authorized an attorney to represent him, the client is bound by the attorney's settlement of the case and entry of judgment, unless the attorney's action is in violation of express directions of the client which are known by the other party or his attorney, or is fraudulent or collusive. *Petty v. Complete Auto Transit*, 215 Ga. 66, 67 (1) (108 SE2d 697) (1959) and cits. Where the other party or his attorney lacks such knowledge, and the actions of counsel within his apparent authority lead to the entry of orders or judgments, they will not be set aside at the instance of the client, who must seek redress against his attorney. *Brumbelow v. Northern Propane Gas Co.*, 251 Ga. 674 (308 SE2d 544) (1983); *Cochran v. Eason*, 227 Ga. 316, 318-319 (1) (180 SE2d 702) (1971); *Perkerson v. Reams*, 84 Ga. 298, 299 (10 SE 624) (1889). See OCGA § 15-19-5.

Brenda's essential allegation is that counsel, with the knowledge of Glenda, obtained the order of final settlement by falsely stating that Brenda had designated Glenda as the authorized transferee of the property. If this is true, Brenda is not barred by counsel's actions, and she is entitled to conveyance of the property to her. If the allegation is false, Glenda holds the property in trust for Brenda. Brenda is entitled to a hearing on this issue of fact.

The judgment is therefore vacated and the case remanded for further proceedings consistent with this opinion.

*Judgment vacated and case remanded. Banke, P. J., and Carley, J., concur.*

DECIDED APRIL 1, 1991.

*George R. Moss, Richard J. Joseph*, for appellants.
*Donald F. Defoor*, for appellee.
Glenda Sue King, *pro se*.