A09A1718. STEPHENS et al. v. ALAN V. MOCK CONSTRUCTION COMPANY, INC. et al.

(690 SE2d 225)

BERNES, Judge.

After mold infested their home, Horace and Jennifer Stephens filed a claim under their homeowners insurance policy with Liberty Mutual Fire Insurance Company. To remediate the mold, Liberty Mutual hired Alan V. Mock Construction Company, which in turn sub-contracted some of the work to a sister company, Ser-Clean, Inc.[1] After a dispute arose over the remediation work, the Stephens sued Liberty Mutual and Mock Construction, asserting claims for breach of contract, negligence, and conversion. The defendants answered, and Mock Construction also counterclaimed for unpaid rental fees associated with the storage of the Stephens' belongings during the remediation. The trial court thereafter dismissed with prejudice the Stephens' claims against Liberty Mutual based on its conclusion that the parties had entered into a binding settlement agreement. The trial court also denied the Stephens' motion for reconsideration after rejecting their contention that they did not have an adequate opportunity to be heard on the settlement issue. Following further discovery, the trial court granted summary judgment in favor of Mock Construction on all of the Stephens' claims and on the

---

[1] Alan V. Mock Construction and Ser-Clean, Inc. will be referred to collectively as "Mock Construction."

counterclaim for unpaid rental fees. The Stephens now appeal these rulings. For the reasons discussed below, we affirm.

1. The Stephens contend that the trial court erred in its decision to enforce their settlement agreement with Liberty Mutual and to deny their motion for reconsideration on the same issue. We disagree.

> On appeal from a trial court's order on a motion to enforce a settlement agreement, we apply a de novo standard of review, viewing the evidence in a light most favorable to the nonmoving party. The movant must demonstrate that the evidence of record is insufficient to create a jury issue on at least one essential element of the dispute.

(Citations and punctuation omitted.) *Matrix Financial Svcs. v. Dean*, 288 Ga. App. 666 (655 SE2d 290) (2007). We will uphold a trial court's decision granting or denying a motion for reconsideration absent an abuse of discretion. *Cochran v. Emory Univ.*, 251 Ga. App. 737, 739 (2) (555 SE2d 96) (2001). Guided by these principles, we turn to the record in the present case.

The record shows that the Stephens filed their contract and tort action against Liberty Mutual and Mock Construction in September 2005. Following discovery, Liberty Mutual filed a motion for summary judgment, arguing, among other things, that the contractual limitation period in the homeowners policy had expired prior to the lawsuit being filed.

Before the trial court ruled on the motion for summary judgment, counsel of record for the Stephens and Liberty Mutual entered into settlement negotiations through telephone and written communications. On July 5, 2006, the terms of a settlement were reached under which the Stephens would receive $21,211.89 from Liberty Mutual in exchange for a dismissal with prejudice and execution of a release of all of their claims against Liberty Mutual. The Stephens' claims against Mock Construction would remain pending. The settlement agreement was conditioned on Mock Construction releasing Liberty Mutual from any potential contribution claim.

The terms of the settlement agreement were confirmed in a July 6, 2006 letter faxed and mailed to counsel for the Stephens by Liberty Mutual. The following day, counsel for the Stephens responded by faxed letter, acknowledging that the July 6, 2006 letter had accurately set forth the terms of the settlement.

Liberty Mutual obtained a release from Mock Construction and confirmed the same in a letter to the Stephens' counsel dated July 20, 2006. In the confirmatory letter, counsel for Liberty Mutual reiterated the terms of the settlement agreement and noted that the

condition placed upon the agreement had now been satisfied. Liberty Mutual later forwarded by overnight mail to the Stephens' counsel the drafted settlement documents for the Stephens to execute and the settlement check in the agreed amount.

Mr. Stephens executed the settlement agreement, but Mrs. Stephens refused to do so. Consequently, Liberty Mutual filed a motion to enforce the settlement agreement and to have the claims against it dismissed with prejudice. Along with the motion, Liberty Mutual submitted an affidavit from its counsel who had negotiated the settlement, and the correspondence between her and the Stephens' counsel confirming that a settlement had been reached and its terms. In her affidavit, Liberty Mutual's counsel averred that no limitations on the authority of the Stephens' counsel to negotiate or enter into the settlement agreement were ever expressed to her. Liberty Mutual's counsel further averred that she had proceeded with the settlement negotiations with the understanding that the Stephens had authorized their counsel to settle the case under the terms ultimately reached. The Stephens did not file a responsive brief or submit any affidavits or documentary evidence to rebut these assertions.

After Liberty Mutual filed its motion to enforce the settlement agreement, counsel for the Stephens moved to withdraw from the case and filed a notice of attorney's fee lien. The trial court granted counsel's motion to withdraw.

A hearing subsequently was held on Liberty Mutual's motion to enforce the settlement agreement in the trial judge's chambers, but the Stephens, who were now proceeding pro se, did not attend. Following the hearing, the trial court entered its order enforcing the settlement agreement and dismissing all of the Stephens' claims against Liberty Mutual with prejudice.

The Stephens moved for the trial court to reconsider its order. The Stephens submitted affidavits in which they averred that they had been present in the courtroom on the day of the hearing but had never been informed that the hearing would be conducted in the trial judge's chambers. As such, they asserted in their motion for reconsideration that they had not been given an opportunity to be heard on Liberty Mutual's motion to enforce the settlement agreement. The Stephens further averred in their respective affidavits that their former counsel did not have authority to enter into a settlement agreement on the terms proposed by Liberty Mutual. Accordingly, they argued in their motion that the settlement agreement was not binding and should not be enforced against them.

Former counsel for the Stephens then filed an affidavit in which, among other things, he averred that the Stephens had given him authority to negotiate and enter into the settlement agreement with

Liberty Mutual. He also submitted the contract for legal representation he entered into with the Stephens which did not place any limitations on his authority to act on their behalf in the litigation.

In turn, Liberty Mutual filed a brief arguing that the Stephens' motion for reconsideration should not be granted, even if the Stephens' failure to appear at the in-chambers hearing was no fault of their own. Liberty Mutual argued that even if the Stephens had attended the hearing, their affidavits and exhibits submitted in support of their motion for reconsideration showed that the motion to enforce the settlement agreement still would have been granted by the trial court. Liberty Mutual argued that nothing in the evidence now brought forward by the Stephens called into question the uncontroverted fact that their former counsel had negotiated and accepted Liberty Mutual's offer of settlement while acting with the plenary apparent authority vested in him by law. According to Liberty Mutual, the affidavits of the Stephens, at most, reflected a dispute between the Stephens and their former counsel that did not affect the validity of the settlement agreement.

The trial court agreed with Liberty Mutual and denied the motion for reconsideration. The court noted that its decision was based upon a consideration of the Stephens' motion and all argument and evidence of record.

(a) As an initial matter, Liberty Mutual contends that the Stephens cannot challenge the trial court's order granting the motion to enforce the settlement and its order denying the motion for reconsideration because they were final orders that were not appealed within 30 days of their entry. The orders in question, however, were not final because the case remained pending against Mock Construction, and the trial court did not expressly determine that there was no just reason for delay and designate the orders as final judgments pursuant to OCGA § 9-11-54 (b).[2] See *Lawson v. Athens Auto Supply & Elec.*, 200 Ga. App. 609, 611 (1) (409 SE2d 60)

---

[2] OCGA § 9-11-54 (b) provides:
*Judgment upon multiple claims or involving multiple parties.* When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
(Emphasis in original.)

(1991); *Chadwick v. Miller*, 165 Ga. App. 20, 21-22 (299 SE2d 93) (1983). Compare *Lewis v. Carscallen*, 274 Ga. App. 711, 713 (1) (618 SE2d 618) (2005). As such, the Stephens were not required to appeal the orders within 30 days of their entry. Rather, the Stephens were entitled to challenge the orders pertaining to the settlement agreement upon their timely direct appeal from the trial court's subsequent entry of summary judgment in favor of Mock Construction. See OCGA § 9-11-56 (h) (grant of summary judgment directly appealable); *Southeast Ceramics v. Klem*, 246 Ga. 294, 295 (1) (271 SE2d 199) (1980) ("[W]hen a direct appeal is taken, any other judgments, rulings or orders rendered in the case and which may affect the proceedings below may be raised on appeal and reviewed and determined by the appellate court.").

(b) We now turn to the merits of the Stephens' appeal. The Stephens first contend that the trial court erred in enforcing the settlement agreement because they were never given notice of the in-chambers hearing, and, therefore, were not given an opportunity to be heard in opposition to Liberty Mutual's motion to enforce the agreement. We agree with the Stephens that they should have been given proper notice of the in-chambers hearing. Nevertheless, we discern no ground for reversal because, as previously noted, the Stephens submitted affidavits and other exhibits as part of their motion for reconsideration in an effort to show why the settlement agreement was not binding and should not be enforced against them. The trial court's order, moreover, reflects that this additional evidence was considered by the court when it ruled on the Stephens' motion for reconsideration. And the Stephens have not pointed to any additional testimony or documentary evidence in support of their position that they would have submitted to the trial court, had they attended the hearing. Accordingly, the Stephens were given a full opportunity to be heard by the trial court on the settlement issue by means of the motion for reconsideration, and any error in not notifying them of the hearing was harmless. See *Ford v. Prudential Investment Co.*, 174 Ga. 163, 165 (162 SE 382) (1932); *Rice v. Cannon*, 283 Ga. App. 438, 440 (1) (641 SE2d 562) (2007).

(c) The Stephens next contend that the trial court erred in enforcing the settlement agreement because they did not authorize their counsel to negotiate and enter into the agreement with Liberty Mutual on their behalf. Their argument clearly has no relevance and is moot with respect to Mr. Stephens, who executed the settlement documents and thus is bound by their terms. As to Mrs. Stephens, the uncontroverted evidence of record shows that the Stephens' counsel acted with plenary apparent authority to enter into the settlement on her behalf.

Under Georgia law[,] an attorney of record has apparent authority to enter into an agreement on behalf of his client and the agreement is enforceable against the client by other settling parties. . . . The authority may be considered plenary unless it is limited by the client *and that limitation is communicated to opposing parties*. Therefore, from the perspective of the opposing party, *in the absence of knowledge of express restrictions on an attorney's authority*, the opposing party may deal with the attorney as if with the client, and the client will be bound by the acts of his attorney within the scope of his apparent authority. The client's remedy, where there have been restrictions not communicated to the opposing party, is against the attorney who overstepped the bounds of his agency, not against the third party.

(Citations and punctuation omitted; emphasis supplied.) *Brumbelow v. Northern Propane Gas Co.*, 251 Ga. 674, 674-675 (308 SE2d 544) (1983). See also *Headrich v. Stinson*, No. CV406-27, 2007 U. S. Dist. LEXIS 48900 (S.D. Ga. July 6, 2007) (discussing *Brumbelow* and its progeny); *Pembroke State Bank v. Warnell*, 266 Ga. 819, 821 (1) (471 SE2d 187) (1996) (reaffirming *Brumbelow*). In light of these principles, if the Stephens' counsel acted with plenary apparent authority in agreeing to the settlement on their behalf, Mrs. Stephens is bound by the settlement that was reached as reflected in the oral communications and confirmatory letters between her counsel and Liberty Mutual, irrespective of whether she ultimately signed the agreement.[3] See *Ray v. Ray*, 263 Ga. 719, 720 (438 SE2d 78) (1994).

As noted supra, Liberty Mutual's counsel averred in her affidavit that no limitations on the authority of the Stephens' counsel of record to negotiate or enter into the settlement agreement were communicated to her. Likewise, the Stephens in their respective affidavits did not assert that their counsel's alleged lack of authority was communicated to Liberty Mutual. Nor is there any other evidence in the record reflecting that such a communication ever was made. Hence, the uncontroverted record shows that Liberty Mutual was entitled to view the authority of the Stephens' counsel as plenary, and that Mrs. Stephens was bound by the act of her counsel

---

[3] "Since [Mrs. Stephens] does not dispute the existence or terms of the agreement but only the authority of [her] attorney, there was no necessity that the agreement be in writing when the parties agreed to it." *Ford v. Hanna*, 293 Ga. App. 863, 865 (1) (668 SE2d 271) (2008). See *Brumbelow*, 251 Ga. at 675-677. Thus, the oral agreement reached between counsel would suffice. But, in any event, the letters between counsel confirming the oral agreement would constitute a sufficient writing. See *Moreno v. Strickland*, 255 Ga. App. 850, 853 (1) (567 SE2d 90) (2002).

in agreeing to the settlement. See *Brumbelow*, 251 Ga. at 674-677; *Ligon v. Bartis*, 243 Ga. App. 328, 330 (530 SE2d 773) (2000); *Hynko v. Hilton*, 198 Ga. App. 308, 309-310 (401 SE2d 324) (1991).[4] In this case, Mrs. Stephens' remedy is against her former counsel who allegedly overstepped the bounds of his agency, not against Liberty Mutual. See *Brumbelow*, 251 Ga. at 674-675; *Ligon*, 243 Ga. App. at 330. The trial court thus did not err in enforcing the settlement agreement and dismissing with prejudice the Stephens' claims against Liberty Mutual. See id.; *Hynko*, 198 Ga. App. at 309-310.[5]

2. The Stephens contend that the trial court erred in granting summary judgment to Mock Construction on their contract and tort claims. The trial court concluded that the Stephens had failed to respond to Mock Construction's requests for admission, thereby removing all genuine issues of material fact from the case. We discern no error.

The record shows that on July 12, 2007, Mock Construction served requests for admission covering all of the substantive factual allegations of the complaint upon the Stephens. The Stephens never responded or objected to the requests. Therefore, when Mock Construction moved for summary judgment several months later, it argued that the requests were deemed admitted pursuant to OCGA § 9-11-36 (a) (2).[6] In their response brief, the Stephens, now represented by new counsel, did not contest the propriety of the

---

[4] Mrs. Stephens' reliance upon *King v. King*, 199 Ga. App. 496, 499 (4) (405 SE2d 319) (1991), is misplaced. *King* stands for the proposition that a client will not be bound by his counsel's conduct if there is evidence of fraud or collusion. See id. No such evidence exists in this case.

[5] The Stephens argue in a separate enumeration of error that because the trial court erred in enforcing the settlement agreement, the court also necessarily erred in entering an order approving the payment of certain fees to the Stephens' former counsel out of the court registry. Because we have concluded that the trial court did not err in enforcing the settlement agreement, we likewise reject the Stephens' argument that the order approving the payment of fees was erroneous.

[6] OCGA § 9-11-36 provides in relevant part:

(a) *Scope; service; answer or objection; motion to determine sufficiency.*

(1) A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of subsection (b) of Code Section 9-11-26 which are set forth in the request and that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request. . . .

(2) Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney[.]

. . .

(b) *Effect of admission.* Any matter admitted under this Code section is conclusively established unless the court, on motion, permits withdrawal or amendment of the admission. . . .

(Emphasis in original.)

requests for admission, and they did not otherwise move to withdraw their admissions.

In its subsequent grant of the motion for summary judgment, the trial court noted that Mock Construction had properly served the requests and that the Stephens had failed to respond or request withdrawal of their admissions. As a result, the trial court treated the Stephens' failure to respond to the requests for admission as conclusively establishing as a matter of law the facts set out in the requests, such that no genuine issues of material fact remained for jury resolution on any of the Stephens' contract or tort claims.

> It is well settled that a party's failure to timely respond to requests for admission conclusively establishes as a matter of law each of the matters addressed in the requests. This is true even if the requested admissions require opinions or conclusions of law, so long as the legal conclusions relate to the facts of the case. . . . [T]he language in OCGA § 9-11-36 (a) is clear, unambiguous, and unequivocal and means just what it says. One must comply strictly and literally with the terms of the statute upon the peril of having his response construed to be an admission. Thus, matters deemed admitted under this statute become solemn admissions in judicio and are conclusive as a matter of law on the matters stated and cannot be contradicted by other evidence unless the admissions are withdrawn or amended on formal motion.

(Citations and punctuation omitted.) *Fox Run Properties v. Murray*, 288 Ga. App. 568, 569-570 (1) (654 SE2d 676) (2007). See OCGA § 9-11-36 (a) (2), (b).

The Stephens argue that the trial court erred in relying upon the requests for admission as a basis for granting summary judgment because the requests allegedly were not served until after the expiration of discovery. We need not resolve this issue because the Stephens did not challenge the propriety of the requests for admission in the court below. "It is axiomatic that this Court will not consider matters argued for the first time on appeal and not raised and ruled upon in the trial court." *Batesville Casket Co. v. Watkins Mortuary*, 293 Ga. App. 854, 855 (1) (668 SE2d 476) (2008). Having failed to respond to the requests for admission, and having failed to file any motion to have their admissions withdrawn in the court below, the Stephens cannot seek remedial action in the first instance at the appellate level. See *Atlanta Cas. Co. v. Goodwin*, 205 Ga. App. 421, 421-422 (422 SE2d 76) (1992); *Drummond v. Brown*, 149 Ga. App. 248 (2) (253 SE2d 868) (1979); *Nat. Bank of Ga. v. Merritt*, 130

Ga. App. 85, 87 (1) (202 SE2d 193) (1973). The Stephens, therefore, have waived any objection to the propriety of the requests for admission.

It follows that the trial court did not err in granting summary judgment to Mock Construction on all of the Stephens' claims. "Where a party failed to answer a request for admissions within the requisite time and the admissions removed all issues of fact, the other party was entitled to a grant of its motion for summary judgment." (Citation and punctuation omitted.) *Atlanta Cas. Co.*, 205 Ga. App. at 422.[7]

3. Lastly, the Stephens contend that the trial court erred in sua sponte granting summary judgment to Mock Construction on its counterclaim for unpaid rental fees associated with the storage of the Stephens' belongings during the mold remediation. They contend that they were not given sufficient notice and an opportunity to be heard since Mock Construction did not specifically move for summary judgment on the counterclaim. We are unpersuaded.

> Nothing in the applicable law places a burden on the nonmovant to respond to issues which are not raised in the motion for summary judgment. But a trial court may grant summary judgment sua sponte under certain circumstances, so long as it ensures that the party against whom summary judgment is rendered is given full and fair notice and opportunity to respond prior to entry of summary judgment.

(Punctuation and footnotes omitted.) *Boyd v. Calvary Portfolio Svcs.*, 285 Ga. App. 390, 392 (2) (646 SE2d 496) (2007). "While in most cases it is better practice to await a motion for summary judgment before entering it for a party, it may not be erroneous under the circumstances of a given case, where the issues are the same as those involved in the movant's motion." (Punctuation and footnote omitted.) *Smith v. Gordon*, 266 Ga. App. 814, 817 (2) (598 SE2d 92) (2004).

Mock Construction raised the identical issues regarding the unpaid rental fees in seeking summary judgment on the Stephens' conversion claim. Specifically, Mock Construction relied upon

---

[7] The Stephens also separately enumerate as error the trial court's alleged failure to consider all of the factual allegations of their verified complaint in granting summary judgment to Mock Construction. As the trial court noted, however, the requests for admission served upon the Stephens by Mock Construction covered all of the substantive factual allegations with regard to each of the causes of action asserted by the Stephens. Hence, the trial court's grant of summary judgment in favor of Mock Construction on all of the Stephens' substantive claims was proper.

requests for admission, deemed admitted by the Stephens, concerning the storage of the Stephens' belongings to support their motion for summary judgment on the conversion claim. Also in support of summary judgment, Mock Construction relied upon an affidavit from its owner that addressed the storage issue, as well as a business record showing how much Mock Construction had paid to store the Stephens' belongings. Thus, the counterclaim for unpaid rental fees arose out of the same set of facts that the Stephens necessarily had to address in responding to the motion for summary judgment on the conversion claim; resolution of the conversion claim was dispositive of the issues raised in the counterclaim. Under these circumstances, the trial court did not err in sua sponte granting summary judgment to Mock Construction on its counterclaim for unpaid rental fees. See *Boyd*, 285 Ga. App. at 392 (2); *Smith*, 266 Ga. App. at 817 (2).

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED JANUARY 25, 2010 —
RECONSIDERATION DENIED FEBRUARY 11, 2010 —

*Randall A. Schmidt*, for appellants.

*Ellis, Painter, Ratterree & Adams, Jason Pedigo, Brennan, Harris & Rominger, Edward R. Stabell III, Mozley, Finlayson & Loggins, Christopher N. Shuman, Lee C. Mundell*, for appellees.